[No. S104303. May 29, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
JEFFREY G. HAMMER, Defendant and Appellant.

## Counsel

Christopher Blake, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster, Steven T. Oetting and Elizabeth S. Voorhies, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GEORGE, C. J.**—Penal Code section 667.61, known as the "One Strike" law, requires imposition of a sentence of 25 years to life in prison if a person is convicted of one of the sexual offenses listed in subdivision (c) of the statute and certain other triggering circumstances are found to exist. (Pen. Code, § 667.61, subds. (a), (c), (d) & (e).)[1] One of the triggering circumstances is that the person *previously* has been convicted "of an offense specified in subdivision (c)." (*Id.*, subd. (d)(1).) The list of offenses set forth in subdivision (c) includes the following: "(7) A violation of subdivision (a) of Section 288, unless the defendant qualifies for probation under subdivision (c) of Section 1203.066." In this case, defendant previously was convicted in 1988 of a violation of section 288, subdivision (a), but in that prior proceeding defendant qualified for, and was granted, probation. More than 10 years later, defendant was convicted in the present proceeding of new specified offenses under the One Strike law, including new violations of section 288, subdivision (a). The question presented is whether the prior conviction of the earlier section 288, subdivision (a) charge, as to which defendant qualified for probation, subjects defendant to sentencing under the One Strike law for his present offenses. The Court of Appeal concluded that the 1988 prior constituted such a qualifying prior conviction, and upheld sentencing under the One Strike law. We conclude that the judgment of the Court of Appeal should be affirmed.

### I

In 1985, defendant Jeffrey G. Hammer married J. and adopted her then four-year-old daughter, M. In 1988, while J. was pregnant with their younger daughter K., defendant forced M., who was then six or seven years of age, to orally copulate him on several occasions. J. learned of these incidents, and on the basis of that conduct defendant subsequently was charged and convicted in 1988 of a violation of section 288, subdivision (a). Upon sentencing for that conviction, defendant qualified for and received probation, which he subsequently completed successfully. In 1991, defendant and J. divorced.

In 1997, defendant and J. reconciled and defendant moved back into the home with J., M., and K., who was then nine years of age. Thereafter, on

---

[1] All further undesignated statutory references are to the Penal Code.

separate occasions in August 1998 and December 1999, defendant molested K.—rubbing lotion on her breasts and twisting her nipples in the earlier incident, and attempting to force her to orally copulate him in the later incident.

After the December 1999 incident, defendant's actions were reported to the police, and defendant was arrested. He was charged with committing, among other crimes, violations of section 288, subdivisions (a) (lewd acts upon a child under the age of 14 years) and (b)(1) (forcible lewd acts upon a child under the age of 14 years) against K. The People also alleged that defendant's prior 1988 conviction for violating section 288, subdivision (a), operated to enhance defendant's current sentence under three separate statutory schemes. First, the People asserted, the 1988 prior conviction qualified as a triggering circumstance within the meaning of the One Strike law, section 667.61, subdivisions (a), (c)(7), and (d)(1), thereby subjecting defendant to a sentence of 25 years to life in prison for each qualifying current offense. Second, the People asserted, the 1988 prior conviction qualified as a felony conviction within the meaning of the "Habitual Sexual Offender" law, section 667.71, subdivisions (a), (b), and (c)(4), thereby subjecting defendant to a sentence of 25 years to life in prison for each qualifying current offense. Finally, the People asserted, the 1988 prior conviction constituted a "serious" prior felony under section 667, subdivision (a), thus subjecting defendant to a five-year sentence enhancement.[2]

Defendant was convicted by a jury in the present proceeding on two counts (counts two and four of the information) of committing lewd acts upon a child under the age of 14 years (§ 288, subd. (a)) and one count (count one of the information) of committing lewd acts upon a child under the age of 14 years *by use of force* (§ 288, subd. (b)(1)).[3]

Defendant admitted the prior conviction allegations, and the trial court sentenced him to 55 years to life in prison. The sentence was calculated as follows: (i) on count one (the section 288, subdivision (b)(1) charge), a term of 25 years to life was imposed under both the One Strike law, section 667.61, subdivisions (a), (c)(7) and (d)(1), and the Habitual Sexual Offender law, section 667.71, subdivisions (a), (b) and (c)(4); (ii) on count four (one of the two section 288, subdivision (a) charges), a consecutive term of 25 years to life was imposed under both the One Strike law (§ 667.61, subds. (a), (c)(7), & (d)(1)) and the Habitual Sexual Offender law (§ 667.71, subds. (a), (b) & (c)(4)); and finally (iii) a consecutive five-year enhancement was

---

[2]The People at trial did not seek to invoke the sentence-doubling provisions of the "Three Strikes" law (§ 667, subd. (e)(1))—but see *post*, part III.

[3]In addition, defendant was convicted of one count of assault, a violation of section 240.

imposed under section 667, subdivision (a).[4] The Court of Appeal affirmed defendant's convictions and sentence.

■ The principal issue raised in this appeal is whether the trial court properly based the 25-year-to-life terms imposed for counts one and four in part upon the One Strike law, section 667.61, subdivisions (a), (c)(7), and (d)(1), in light of the circumstance that defendant qualified for (and indeed was granted) probation following his prior 1988 conviction for violating section 288, subdivision (a).

## II

### A

The One Strike law, section 667.61, requires a sentence of 25 years to life in prison whenever a defendant (1) is convicted of a current offense specified in subdivision (c),[5] *and* (2) *either* "one or more of the circumstances specified in subdivision (d)"[6] *or* "two or more of the circumstances specified in subdivision (e)" are present.[7] (§ 667.61, subd. (a).) The law expressly divests trial courts of authority to avoid these severe sentences: it provides that courts are barred from exercising their traditional discretion to "strike" any of the triggering circumstances specified in the One Strike law. (*Id.*, subd. (f).)

---

[4]The trial court imposed, but stayed, additional terms for the other section 288, subdivision (a) count and for the assault count (see *ante*, fn. 3).

[5]Subdivision (c) reads in full: "This section shall apply to any of the following offenses: [¶] (1) A violation of paragraph (2) of subdivision (a) of Section 261. [¶] (2) A violation of paragraph (1) of subdivision (a) of Section 262. [¶] (3) A violation of Section 264.1. [¶] (4) A violation of subdivision (b) of Section 288. [¶] (5) A violation of subdivision (a) of Section 289. [¶] (6) Sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person. [¶] (7) A violation of subdivision (a) of Section 288, unless the defendant qualifies for probation under subdivision (c) of Section 1203.066."

[6]Subdivision (d) provides in relevant part: "The following circumstances shall apply to the offenses specified in subdivision (c): [¶] (1) The defendant has been previously convicted of an offense specified in subdivision (c), including an offense committed in another jurisdiction that includes all of the elements of an offense specified in subdivision (c). . . ." Other "circumstances" enumerated in subdivision (d), but not alleged in the case before us, include various offense-specific triggering factors, such as the circumstance that the present offense involves certain forms of kidnapping, or infliction of aggravated mayhem, or torture, or burglary.

[7]Subdivision (e), listing "circumstances [that] apply to the offenses specified in subdivision (c)," includes as offense-specific triggering factors that the present offense involves certain forms of kidnapping, burglary, infliction of great bodily injury, use of a dangerous or deadly weapon or firearm, multiple victims, tying or binding of the victim or another person, or administering of a controlled substance to the victim by force, violence, or fear. A defendant who is convicted of a current offense specified in subdivision (c), but with only one of the triggering factors set forth in subdivision (e) and no other triggering factors under section 667.61, is to be sentenced to imprisonment of 15 years to life. (§ 667.61, subd. (b).)

There is no controversy in this case concerning the first requirement—conviction in the *present* case of at least one of the offenses listed in section 667.61, subdivision (c). As defendant concedes, this condition is satisfied by virtue of the present conviction on the section 288, subdivision (b)(1) count (forcible lewd conduct upon a child under the age of 14 years), and, additionally, the two convictions in the present case on the section 288, subdivision (a) counts (nonforcible lewd conduct upon a child under the age of 14 years), as to which defendant was not qualified for probation. (§ 667.61, subd. (c)(4) & (7); see § 1203.066, subd. (a)(5).)

The issue before us solely concerns whether defendant committed those qualifying present offenses under circumstances specified in the One Strike law, triggering a sentence of 25 years to life in prison.

Section 667.61, subdivision (d)(1), of the One Strike law mandates a sentence of 25 years to life when a defendant commits a qualifying offense after he or she "has been *previously convicted of an offense specified in subdivision (c),* including an offense committed in another jurisdiction that includes all the elements of an offense specified in subdivision (c)." (Italics added.)

The specific question before us is whether, in light of defendant's 1988 prior conviction for violating section 288, subdivision (a), as to which he qualified for probation, "defendant has been previously convicted of an offense specified" in section 667.61, subdivision (c).

Section 667.61, subdivision (c), which as noted above is specifically referred to and incorporated in section 667.61, subdivision (d)(1), provides in relevant part: "This section shall apply to any of the following offenses: [¶] . . . [¶] (7) *A violation of subdivision (a) of Section 288, unless the defendant qualifies for probation under subdivision (c) of Section 1203.066.*" (Italics added.)

## B

As we recently observed in *People v. Acosta* (2002) 29 Cal.4th 105 [124 Cal.Rptr.2d 435, 52 P.3d 624] (*Acosta*), in which we construed other aspects of the One Strike law: " '[O]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and common-sense meaning. [Citation.] We do not, however, consider the statutory language "in isolation." [Citation.] Rather, we look to "the entire substance of the statute . . . in order to determine the scope and purpose of the

provision . . . . [Citation.]" [Citation.] That is, we construe the words in question " 'in context, keeping in mind the nature and obvious purpose of the statute . . . .' [Citation.]" [Citation.] We must harmonize "the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole." [Citations.]' " (*Acosta, supra,* 29 Cal.4th 105, 112, quoting *People v. Murphy* (2001) 25 Cal.4th 136, 142 [105 Cal.Rptr.2d 387, 19 P.3d 1129] (*Murphy*).) As in *Acosta,* "[t]hese familiar principles guide our interpretation of the sentencing provisions at issue here." (*Acosta, supra,* 29 Cal.4th 105, 112.)

Defendant, stressing what he terms the "plain meaning" of the "literal language" of section 667.61, subdivisions (c)(7) and (d)(1), asserts that "[o]rdinarily a violation of subdivision (a) of section 288 would be included in [the One Strike] list—however, the Legislature carved out an exception. If the defendant *was eligible* for probation, then a violation of subdivision (a) of section 288 does not fall under the harsh provisions of section 677.61." (Italics added.) Concluding that "the language is clear on its face," defendant asserts that pursuant to the exception set out in section 667.61, subdivision (c)(7), his 1988 prior conviction for violating section 288, subdivision (a), does not constitute a qualifying offense under the One Strike law, because he was eligible for (and indeed was granted) probation in that prior case.

The People, citing as well the statutory language, and also claiming adherence to the literal words of the provision, argue the opposite conclusion. The People assert that, as required by section 667.61, subdivision (d)(1), defendant was indeed "previously convicted of an offense specified in" section 667.61, subdivision (c)—namely, a violation of section 288, subdivision (a)—and they argue that defendant's eligibility for probation for that conviction does not change or diminish the circumstance that defendant was in fact convicted of that offense in 1988. In other words, the People suggest that the limitation found in section 677.61, subdivision (c)(7)— "unless the defendant qualifies for probation under subdivision (c) of section 1203.066"—*applies only to the current offense* and simply has no application when determining the existence of a qualifying *prior* conviction under section 667.61, subdivision (d)(1).

This reading of the statute, the People assert, is confirmed by the Legislature's use of the present tense phrase, *"qualifies* for probation," in section 667.61, subdivision (c)(7). The People argue that if the Legislature intended to exempt from sentencing under the One Strike law *prior* violations of section 288, subdivision (a), for which the defendant "qualified" for probation, it would have clearly said so. That it did not, the People argue,

substantiates the Legislature's intent to count, as predicate felonies under the One Strike law, *prior* section 288, subdivision (a) convictions for which the defendant formerly *qualified* for probation.

As we shall explain in part II.C, in our view the language of the statute read as a whole—although perhaps not providing a conclusive or definitive answer to the issue before us—strongly supports the People's proposed interpretation. Moreover, even if we assume that the statutory language is ambiguous, as we shall further explain in part II.D.3, we conclude that the legislative history and purpose of the One Strike law overwhelmingly supports the interpretation urged by the People and adopted by the lower courts.

C

We begin by examining the language of the statute.

Section 667.61, subdivision (c), defines the *present* "offenses" to which the One Strike law applies. Subdivision (c)(7) includes in that group of offenses a violation of section 288, subdivision (a), but makes a violation of section 288, subdivision (a), subject to One Strike treatment only if the defendant does not qualify for probation after being convicted of that offense. In short, the exception serves to remove some violations of section 288, subdivision (a), from the category of present offenses to which the One Strike law applies.

The purpose of section 667.61, subdivision (d), is to define some of the additional circumstances that will subject a defendant who is convicted of one of the present qualifying offenses to a 25-year-to-life sentence under the One Strike law. Section 667.61, subdivision (d)(1), sets out the following as a triggering circumstance: "The defendant has been previously convicted of an *offense* specified in subdivision (c), including an *offense* committed in another jurisdiction that includes all the *elements of an offense* specified in subdivision (c)." (Italics added.) The italicized terms suggest that the intended focus of the triggering circumstance described in section 667.61, subdivision (d)(1), is upon the existence of a prior conviction *of a particular offense*—and not upon events or circumstances extraneous to the offense itself. Probation eligibility following conviction of an offense is not a part or element of the offense itself.

The focus of section 667.61, subdivision (d)(1), upon conviction of an "offense" set out in subdivision (c) is perhaps clearest with respect to the subsection's application to "an offense committed in another jurisdiction." By providing that such a conviction constitutes a triggering offense if it

"includes *all of the elements of an offense specified in subdivision (c),*" the Legislature apparently intended to count a prior foreign conviction as a qualifying triggering offense without regard to whether the defendant was eligible for probation following conviction of the prior foreign offense. This understanding, in turn, informs the proper interpretation of the corresponding phrase in section 667.61, subdivision (d)(1), "previously convicted of an offense specified in subdivision (c)." There is no reason to believe that the Legislature intended to impose greater conditions upon the use of an otherwise qualifying prior conviction of a California offense, as compared with a corresponding qualifying prior conviction of a foreign offense.

This analysis would support the People's view that by referring in section 667.61, subdivision (d)(1), to a prior conviction of an "offense specified in subdivision (c)," the Legislature was focussing upon the substantive offenses listed—as defined in the relevant statutory provisions—and that section 667.61, subdivision (d)(1), includes any prior violation of section 288, subdivision (a), whether or not, at the time of the prior conviction, the defendant was eligible for probation.

## D

### 1

We begin this part of our analysis by reviewing the statutory landscape of which the One Strike law, section 667.61, is part.

First, as noted above, section 288 has for decades criminalized lewd conduct committed on a minor who is under 14 years of age. (See *People v. Martinez* (1995) 11 Cal.4th 434, 442-445 [45 Cal.Rptr.2d 905, 903 P.2d 1037].) Subdivision (a) of that section addresses nonforcible lewd conduct; subdivision (b)(1) addresses forcible lewd conduct. Both subdivisions call for state prison sentences of three, six, or eight years.

Second, section 1203.066—enacted more than a decade before the Legislature adopted the One Strike law—generally requires prison sentences and bars probation for those who are convicted of violating section 288 and related offenses. (See § 1203.066, subd. (a).) As we recounted in *People v. Jeffers* (1987) 43 Cal.3d 984, 993-997 [239 Cal.Rptr. 886, 741 P.2d 1127] (*Jeffers*), however, the Legislature was motivated by various policy considerations to enact a limited exception to the general bar on probation. Accordingly, subdivision (c) of section 1203.066 provides that if the defendant is the victim's "relative" or "member of the victim's household," and if

other conditions are met, a trial court may exercise discretion to grant probation to a defendant convicted of violating section 288, subdivision (a).[8]

The third provision within the relevant statutory landscape is the Habitual Sexual Offender law, section 667.71, which was enacted one year prior to adoption of the One Strike law. As its name suggests, the Habitual Sexual Offender law is designed to target repeat sexual offenders, by imposing a sentence of 25 years to life in prison on those who commit a specified offense (including a violation of section 288, subdivisions (a) or (b)(1)) after having previously been convicted of a specified offense. (See § 667.71, subds. (a), (b) & (c)(4).)

Finally, six months before the Legislature enacted the One Strike law, it adopted, as urgency legislation, the Three Strikes law, section 667, subdivisions (b)-(i).[9] This statutory scheme provides for enhanced sentencing for recidivist felons, including those convicted of violating section 288, subdivision (a) or (b)(1). (See § 667, subds. (d)(1) & (e).)

2

We turn now to the legislative history of the One Strike law, section 667.61. (5 Stats. 1994; 1st Ex. Sess., ch. 14X, § 1, p. 8570.) Our recent opinion in *People v. Wutzke* (2002) 28 Cal.4th 923 [123 Cal.Rptr.2d 447, 51 P.3d 310] (*Wutzke*) recounted that the One Strike law, "[a]s first introduced in the Senate, . . . would have amended section 288 to impose life imprisonment without the possibility of parole (LWOP) on persons convicted of

[8]Section 1203.066, subdivision (c), provides that probation may be considered if the trial court "makes all of the following findings:

"(1)   The defendant is the victim's natural parent, adoptive parent, stepparent, relative, or is a member of the victim's household who has lived in the victim's household.

"(2)   A grant of probation to the defendant is in the best interest of the child.

"(3)   Rehabilitation of the defendant is feasible, the defendant is amenable to undergoing treatment, and the defendant is placed in a recognized treatment program designed to deal with child molestation immediately after the grant of probation or the suspension of execution or imposition of sentence.

"(4)   The defendant is removed from the household of the victim until the court determines that the best interests of the victim would be served by returning the defendant to the household of the victim. . . .

"(5)   There is no threat of physical harm to the child victim if probation is granted. The court upon making its findings pursuant to this subdivision is not precluded from sentencing the defendant to jail or prison, but retains the discretion not to do so. The court shall state its reasons on the record for whatever sentence it imposes on the defendant."

[9]See Statutes 1994, chapter 12, section 1, p. 71 (eff. Mar. 7, 1994). In November 1994, the voters adopted by initiative a substantially identical version of the Three Strikes law, codified as section 1170.12. Insofar as the issues before us are concerned, there is no substantive difference between the two laws. We hereafter refer to and cite only the legislative version of the Three Strikes law, section 667, subdivisions (b)-(i).

substantial sexual conduct with a child under age 14. The same version of the bill also proposed repealing section 1203.066, and otherwise prohibiting probation for anyone convicted of violating section 288. (Sen. Bill No. 26X (1993-1994 1st Ex. Sess.) as introduced Feb. 2, 1994, §§ 5, 11, 12.)" (*Wutzke, supra,* 28 Cal.4th at p. 941.)

We continued in *Wutzke*: "However, subsequent versions of the same bill abandoned the LWOP proposal in favor of indeterminate life terms of the sort ultimately included in section 667.61. Lawmakers also decided that section 1203.066 [including the exception set out in subdivision (c) for probation in some cases upon a proper showing] should be retained . . . . (Assem. Amend. to Sen. Bill No. 26X (1993-1994 1st Ex. Sess.) Aug. 22, 1994, §§ 1, 3.) The latter decision apparently stemmed from continuing concern that long mandatory prison terms would 'impede the prosecution' of intrafamilial molesters by making victims and loved ones reluctant to report the crimes and to cooperate with authorities. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 26X (1993-1994 1st Ex. Sess.) as amended May 4, 1994, p. 12.) The statutory analysis in *Jeffers, supra,* 43 Cal.3d 984, was summarized and approved in this regard." (*Wutzke, supra,* 28 Cal.4th at p. 941.)

Having read and considered the voluminous legislative reports and analyses concerning the drafting and enactment of the One Strike law, we agree with both parties that those documents do not address the precise question posed in the case before us, namely whether a previous conviction under section 288, subdivision (a), constitutes a qualifying offense triggering imposition of the One Strike sentencing scheme when the defendant *qualified* for probation as to the previous conviction. Nevertheless, as we suggested in *Wutzke, supra,* 28 Cal.4th 923, those background documents do disclose that the Legislature was keenly aware of the related laws—especially the Habitual Sexual Offender law, section 667.71, and the "probation limitation law," section 1203.066, both of which the Legislature amended in the same bill in which it enacted the One Strike law[10]—and viewed the One Strike law as fitting into the landscape of those existing laws, as amended.

3

With this overview in mind, we return to defendant's contention that we should construe section 667.61, subdivisions (c)(7) and (d)(1), as disallowing not only a *present* conviction of section 288, subdivision (a), as to which a defendant "qualifies" for probation under section 1203.066, subdivision

---

[10]See 5 Statutes 1994, First Extraordinary Session, chapter 14X, sections 1-3, page 8570 et seq.

(c), but also as disallowing a *prior* conviction of section 288, subdivision (a), as to which a defendant *qualified* for probation under section 1203.066, subdivision (c).

In support, defendant argues that the Legislature determined that "certain violations of . . . section 288, subdivision (a)"—that is, those as to which a defendant qualified for probation under section 1203.066, subdivision (c)— are "not sufficiently egregious as to justify their inclusion as prior offenses for purposes of section 667.61." In other words, defendant argues, the Legislature decided that if a particular offender who has a prior violation of section 288, subdivision (a), *qualified* for probation under section 1203.066, subdivision (c), as to that conviction, that prior conviction should never, in the future, merit treatment as a prior conviction under the One Strike law. Defendant does not point to any specific support for this view, and he fails to advance any persuasive response to the People's contrary reading of the statutory scheme and its history.

The People assert that the Habitual Sexual Offender law (§ 667.71)— which, as noted, is designed to address *solely* recidivism—informs our interpretation of those aspects of the One Strike law that also address the problem of recidivism. The People reason as follows: "[T]he Habitual Sexual Offender law . . . includes within its sentencing scheme elevated punishment for both current *and* prior convictions for violations of section 288, subdivision (a), *absent* the limiting language found in section 667.61[, subdivision (c)(7)] . . . . In other words, when the Legislature enacted a law targeting only recidivist sexual offenders (i.e., the Habitual Sexual Offender law), it did not exclude from enhanced sentencing treatment any conviction for a violation of section 288, subdivision (a), while in enacting a statute targeting recidivist sexual offenders *and* first time offenders who commit certain sexual crimes under aggravated circumstances (i.e., the One-Strike law), the Legislature included language which excepts from harsh punishment a specified minority of offenders."

The People assert that "[t]he . . . omission in the Habitual Sexual Offender law" of an exception such as that articulated in section 667.61, subdivision (c)(7), "leads to only one rational interpretation of the assertedly ambiguous language of the One Strike law: that the Legislature intended to provide the possibility of sentencing latitude for a probation-qualifying [intra]family sexual offender whose *first* violation of section 288, subdivision (a), was committed under certain egregious circumstances, but intended no such similar sentencing distinction to apply to a defendant who was *previously* convicted of a violation of section 288, subdivision (a)." (Italics added.)

The People's analogy would be stronger if the recidivist aspects of the two schemes (the Habitual Sexual Offender law and the One Strike law) were identical, or essentially so. ▇▇▇ ▇▇ ▇▇ But they are not.[11] Accordingly, the People's analogy to the Habitual Sexual Offender law does not materially advance their position.

▇▇ The People's arguments concerning section 1203.066, subdivision (c), however, are persuasive. The People assert that in light of the purpose underlying that provision, the Legislature could not have intended the result envisioned by defendant. ▇▇ The People aptly summarize the policy considerations that led the Legislature to adopt the exception set out in section 1203.066, subdivision (c), and, by incorporation, section 667.61, subdivision (c)(7): "The exception to mandatory imprisonment for qualifying [intra]family sexual offenders is premised on the rationale that (1) in contrast to pedophiles who have an exclusive lifelong attraction to children, some adults with age-appropriate mates 'regress' by molesting young family or household members for situational or opportunistic reasons, (2) such molesters can successfully reform if they receive both punishment and treatment, and (3) mandatory prison sentences, as opposed to jail time and probation, could do more harm than good in some [intra]family molestation cases, as the victim could feel a sense of guilt for bringing shame on the family or causing the household to dissolve, and loved ones who are

---

[11]In addition to differing with respect to section 288, subdivision (a) violations, these laws differ in two other significant respects. First, they are dissimilar in terms of general coverage. Although in some respects the qualifying offenses listed in the two laws are the same, in other respects the One Strike law's listing of the same general offenses is broader than that of the Habitual Sexual Offender law. The One Strike law, section 667.61, subdivision (c)(6), broadly lists as a qualifying offense "[s]odomy or oral copulation in violation of Section 286 or 288a by force, violence duress," etc. The Habitual Sexual Offender law, by contrast, lists as qualifying offenses only specific subparts of those two statutes. (§ 667.71, subd. (c)(7) ["[a] violation of subdivision (c) of Section 286 by force, violence, duress"] & subd. (c)(9) ["[a] violation of subdivision (c) or (d) of Section 288a by force, violence, duress"].) In many other respects the coverage of the Habitual Sexual Offender law is much broader that that of the One Strike law, including within its scope coverage of violations not listed in the One Strike law. The following violations trigger the Habitual Sexual Offender law, but not the One Strike law: violations of section 288.5 (continuous sexual abuse of a child), section 207, subdivision (b) (kidnapping by enticing minor under the age of 14 years for the purpose of committing lewd acts upon that minor), section 208, former subdivision (d) (kidnapping to commit specified sex offenses), section 209 (kidnapping with intent to commit crimes such as rape, sodomy or oral copulation in violation of section 289), and section 269 (aggravated sexual assault of a child). (See § 667.71, subdivision (c)(6), (10)-(13).)

Second, the two laws differ substantially in effect. Under the Habitual Sexual Offender law (and the Three Strikes law for that matter), a trial court retains authority to "strike" any punishment-enhancing circumstance (including a prior strike conviction) in the interests of justice. (See, e.g., *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628].) Under the One Strike law, by contrast, courts have no such discretion; sentencing under the full and severe terms of the law is mandatory. (§ 667.61, subd. (f).)

emotionally and/or financially dependent on the molester could blame or even abandon the victim, which in turn could deter victims and their families from reporting the crime, from cooperating with law enforcement officials, and from participating in counseling to repair the damaged relationship." (See *Jeffers, supra,* 43 Cal.3d 984, 993-997; *Wutzke, supra,* 28 Cal.4th 923, 935 et seq.)

As the People observe, these goals underlying the exception recognized in section 1203.066, subdivision (c), "cease to be attainable when the defendant stands before the court as a repeat [intra]family molester: he/she has proven to be impervious to treatment, the threat to family harmony created by long-term incarceration pales in comparison to the threat of almost certain continued sexual abuse, and the pressures that might otherwise cause the victim to shun disclosure and/or feel guilt are diminished, if not alleviated, by the fact that the molester's punishment can no longer be directly attributable to a report of the current abuse."

Defendant concedes that there "may be all kinds of policy reasons why any prior conviction under subdivision (a) of section 288 should always qualify as a prior conviction for purposes of subdivision (d)(1), of section 667.61, regardless of whether the defendant was eligible [for] or was granted probation in the prior case." But, defendant argues, "[c]ourts do not set policy in criminal law . . . . That is the function of the Legislature. The Legislature has spoken; this Court has its marching orders. Section 667.61 does not apply by the plain language of the statute."

Defendant's entreaty to follow his understanding of the language of the law does not respond to the People's point. As observed above, the "plain language" of the statute does not favor defendant, and we do not read the statute as providing the "marching orders" that defendant discerns. Defendant offers no rebuttal to the People's argument that the reasons that motivated the Legislature to adopt the exception recognized in section 1203.066, subdivision (c) (recognized in *Jeffers* and *Wutzke*), simply do not apply in the context of determining whether to count, under the One Strike law, a prior section 288, subdivision (a) conviction for which the defendant qualified for probation.[12]

We agree with the People that in light of the language of section 667.61, subdivisions (c)(7) and (d)(1), and the rationale underlying a

---

[12]Indeed, as the People observe, under defendant's construction, so long as a defendant were eligible for probation on the prior conviction, that conviction would not qualify as a triggering circumstance even if the defendant were ultimately denied probation or received it and later violated it. We doubt that the Legislature intended this result.

grant of probation for certain first-time intrafamily sexual offenders, it is most reasonable to conclude that the Legislature intended that a defendant's prior conviction for violating *section 288, subdivision (a)*, should count as a qualifying prior conviction under the One Strike law even if, as here, the defendant qualified for probation as to that prior offense.[13]

■ It follows that the judgment imposing two 25-year-to-life sentences upon defendant under the One Strike law must be affirmed.

## III

When the matter was before the Court of Appeal for review, the appellate court, on its own motion, solicited briefing addressing whether defendant additionally should have been sentenced under the Three Strikes law, section 667, subdivisions (b)-(i). Ultimately the Court of Appeal determined that the trial court should have considered whether to sentence defendant under the Three Strikes law as well as the One Strike law and the Habitual Sexual Offender law, and remanded the case for a new sentencing hearing "at which the sentencing court shall exercise its informed discretion as to whether to dismiss the prior conviction for Three Strikes sentencing purposes, or utilize that conviction."

As defendant concedes, the Court of Appeal's conclusion that he was subject to sentencing under the Three Strikes law, as well as under other applicable sentencing provisions, is consistent with *Murphy, supra,* 25 Cal.4th 136, 157, and *Acosta, supra,* 29 Cal.4th 105, 128-134, in which we recently held that the same prior conviction may be used for sentencing under both the One Strike law and the Three Strikes law.

Accordingly, as the Court of Appeal determined, the matter must be remanded to the trial court for consideration of sentencing under the Three Strikes law—specifically to allow the trial court to exercise its discretion under *People v. Superior Court (Romero), supra,* 13 Cal.4th 497, to "strike" the prior section 288, subdivision (a) conviction for Three Strikes purposes, or instead impose the sentence-doubling provisions of the Three Strikes law (§ 667, subd. (e)(1)) upon defendant, a "second strike" offender.

---

[13]Defendant's reliance upon the "rule of lenity" is misplaced. As we have held, " '[w]hen language which is susceptible of two constructions is used in a penal law, the policy of this state is to construe the statute as favorably to the defendant as its language and the circumstance of its application reasonably permit.' " (*People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 312 [58 Cal.Rptr.2d 855, 926 P.2d 1042].) But this rule applies only when statutory language is ambiguous and the defendant's proposed interpretation is at least as plausible as that of the People. (*People v. Avery* (2002) 27 Cal.4th 49, 58 [115 Cal.Rptr.2d 403, 38 P.3d 1]; *People v. Douglas* (2000) 79 Cal.App.4th 810, 815 [94 Cal.Rptr.2d 500].) Here, we conclude, the People's interpretation clearly is the more plausible of the two, and, we believe, is the one that the Legislature intended.

## IV

We affirm the judgment of the Court of Appeal and hold that defendant's 1988 prior section 288, subdivision (a), conviction, for which he was eligible for probation, subjects him to a sentence of 25 years to life under the One Strike law, section 667.61, subdivisions (a), (c)(7), and (d)(1). The matter is remanded for a new sentencing hearing at which the trial court may exercise its discretion under the Three Strikes law, section 667, subdivisions (b)-(i).[14]

Kennard, J., Baxter, J., Werdegar, J., Chin, J., Brown, J., and Moreno, J., concurred.

---

[14]As defendant observes, it is unclear from the record whether the trial court realized that it had discretion to strike the prior 1988 conviction for purposes of sentencing under the Habitual Sexual Offender law. Accordingly, upon remand, the trial court additionally should determine whether it would exercise its discretion to strike the prior 1988 conviction for purposes of sentencing under the Habitual Sexual Offender law. Of course, in light of the mandatory One Strike law, defendant still will be subject to the sentence of 55 years to life in prison previously imposed by the trial court, even if that court elects to exercise its discretion to strike the 1988 prior conviction for purposes of the Three Strikes law and the Habitual Sexual Offender law.