[No. B187281. Second Dist., Div. Four. July 21, 2006.]

In re GENEVA C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
GENEVA C., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part A of the Discussion.

## COUNSEL

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Margaret E. Maxwell and Lance E. Winters, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

## WILLHITE, J.—

### INTRODUCTION

Appellant Geneva C. appeals from an order of the juvenile court finding her to be a ward of the court and committing her to camp for the maximum term of confinement. Appellant contends that Welfare and Institutions Code section 731, subdivision (b),[1] vests the juvenile court with discretion to commit a minor to camp for less than the maximum term to which an adult offender could be sentenced. We conclude that both the plain language and legislative history of section 731, subdivision (b), demonstrate that the statute provides discretion only when the minor is committed to the California Youth Authority (CYA)[2] and to no other institution within the juvenile court's jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was the subject of two petitions alleging that she was a minor who fell within the provisions of section 602. The first petition alleged that she possessed marijuana for sale (Health & Saf. Code, § 11359); the second, that she committed second degree robbery and assault by means of force likely to produce great bodily injury. (Pen. Code, §§ 211, 245, subd. (a)(1).) The juvenile court sustained both petitions, declared her a ward of the court, and placed her in the camp community placement program. Without objection, the court fixed the maximum period of confinement at six years eight months, computed as follows: the principal term of five years for robbery plus subordinate consecutive terms of one-third the three-year middle term for assault by means of force likely to produce great bodily injury and one-third the middle term of two years for possession of marijuana for sale.

The facts underlying appellant's substantive offenses are irrelevant to the appellate issues. Hence, we simply note that the evidence relating to the possession of marijuana for sale allegation showed that on April 14, 2005, police seized quantities of marijuana, cocaine, and a digital scale from an apartment occupied by appellant and several others. The evidence of the robbery and assault allegations showed that appellant and a female companion attacked minor Lashanda L. as she was walking on the street, and took her necklace, cell phone, purse, and money.

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

[2] CYA is now known as the Division of Juvenile Justice (Gov. Code, §§ 12838, 12838.5). However, for purposes of clarity, we shall refer to it as CYA because both the statute in issue and decisional law continue to use that designation.

## DISCUSSION

A.  *Forfeiture**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

B.  *Statutory Interpretation of Section 731, Subdivision (b)*

Appellant claims that the juvenile court "failed to exercise its discretion to set a maximum term of physical confinement based on the facts and circumstances of the case, [consequently] the matter should be remanded to permit the juvenile court to make an informed determination of appellant's maximum term of confinement." This argument presupposes that section 731, subdivision (b) vests the juvenile court with discretion when it confines a juvenile to camp. No published opinion has expressly considered whether the statute provides such discretion in any context other than commitment to CYA.[4] Resolution of appellant's case requires us to interpret the language of section 731, subdivision (b).

Effective January 1, 2004, the Legislature amended section 731 by adding, inter alia, subdivision (b). Subdivision (b) provides: "A minor committed to the Department of the Youth Authority may not be held in physical confinement for a period of time in excess of the maximum period of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court. *A minor committed to the Department of the Youth Authority also may not be held in physical confinement for a period of time in excess of the maximum term of physical confinement set by the court based upon the facts and circumstances of the matter or matters which brought or continued the minor under the jurisdiction of the juvenile court, which may not exceed the maximum period of adult confinement as determined pursuant to this section.* This section does not limit the power of the Youth Authority Board to retain the minor on parole status for the period permitted by Section 1769." (Stats. 2003, ch. 4, § 1, eff. Apr. 8, 2003, operative Jan. 1, 2004, italics added.)

The italicized portion of the amendment gives the juvenile court discretion to determine the maximum period of confinement to CYA based on the facts and circumstances of the case. "*[T]his maximum may not be more than that*

---

*See footnote, *ante,* page 754.

[4] See *In re Jacob J.* (2005) 130 Cal.App.4th 429, 437 [30 Cal.Rptr.3d 255] (expressly declining to state any opinion on the applicability of section 731 to calculation of confinement times for minors placed outside CYA) and *In re Alex N.* (2005) 132 Cal.App.4th 18, 26 [33 Cal.Rptr.3d 172] (observing in dicta that section 731 applies only to a CYA commitment).

*for a comparable adult, but may be less.* The maximum period of confinement set by the court is not a determinate term, it is the ceiling on the amount of time that a minor may be confined in CYA, and recognizes that the committing court has an interest in and particularized knowledge of the minors it commits to CYA. The Youth Authority Board retains the power, subject to the applicable rules and regulations, to determine the actual length of confinement at or below the ceiling set by the juvenile court and to determine the conditions of the minor's confinement." (*In re Carlos E.* (2005) 127 Cal.App.4th 1529, 1542 [26 Cal.Rptr.3d 551], italics added; accord, *In re Alex N., supra,* 132 Cal.App.4th at p. 26; *In re Jacob J., supra,* 130 Cal.App.4th at p. 438; *In re Sean W.* (2005) 127 Cal.App.4th 1177, 1182–1188 [26 Cal.Rptr.3d 248].)

Appellant contends, by extrapolation from the above case law, that section 731, subdivision (b) *also* requires the juvenile court to exercise discretion to set a maximum confinement when the court places a minor in camp, just as it must when committing a minor to CYA. Her contention is not persuasive.

■ In interpreting a statute, our primary purpose is to " ' " 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' " ' " (*People v. Fenton* (1993) 20 Cal.App.4th 965, 968 [25 Cal.Rptr.2d 52].) In examining the language of the statute, we must give the words their ordinary, everyday meaning, and, if the everyday meaning is without ambiguity, doubt, or uncertainty, the ordinary language of the statute controls. (*People v. Hall* (2002) 101 Cal.App.4th 1009, 1020 [124 Cal.Rptr.2d 806].) We presume that the Legislature knew what it was saying and meant what it said. (*People v. Valdez* (1982) 137 Cal.App.3d 21, 26 [187 Cal.Rptr. 65].) Ultimately, and especially in this case, we adhere to the maxim that if the words of a statute are clear, a court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history. (*People v. Knowles* (1950) 35 Cal.2d 175, 183 [217 P.2d 1].)

■ A plain reading of section 731, subdivision (b) defeats any contention that the statute contemplates granting discretion to the juvenile court in any situation other than confinement to CYA. Subdivision (b) unambiguously addresses sentencing discretion in the narrow context of CYA confinement: "A minor committed to the Department of the Youth Authority may not be held in physical confinement for a period of time in excess of the maximum period . . . set by the court based upon the facts and circumstances." There is a broad range of juvenile reformatory institutions in California. They include the CYA, camp, juvenile hall, and juvenile home. Subdivision (b) refers only to the "Department of the Youth Authority." Presuming that the Legislature knew and meant what it wrote, we conclude that the exclusive reference to

the Department of the Youth Authority demonstrates that the Legislature intended it to provide discretion only in computing the confinement term to CYA.

Our analysis of the plain meaning of section 731, subdivision (b) is consistent with the legislative history of the section. The original committee bill analysis explains: "This bill would authorize the court to additionally set maximum terms of physical confinement in the CYA based upon the facts and circumstances of the matter or matters which brought or continued the minor under the jurisdiction of the juvenile court. This new provision would provide for court consideration of factors about the offense and the offender's history which would be comparable to those employed now for the triad sentencing of adults, and have those considerations reflected in the CYA confinement term ordered by the court." (Sen. Com. on Public Safety, Rep. on Sen. Bill No. 459 (2003–2004 Reg. Sess.) Mar. 13, 2003, pp. I–J, quoted in *In re Jacob J., supra,* 130 Cal.App.4th at pp. 436–437.)

Elsewhere, supporters of the bill propounded: "[B]y realigning this authority, the system will achieve greater local control, enhance accountability at CYA and provide better outcomes for youth resulting in improved public safety." (Sen. Rules Com., Off. of Sen. Floor Analysis, Rep. on Sen. Bill No. 459 (2003–2004 Reg. Sess.) as amended Apr. 3, 2003, p. 9, quoted in *In re Jacob J., supra,* 130 Cal.App.4th at p. 437.)

Conspicuously absent from the legislative history is any reference to juvenile detention facilities other than CYA. Indeed, the supporters justified the amendment in terms of promoting greater accountability at CYA. It is therefore evident from the legislative history that the Legislature amended section 731 solely to provide for discretion in calculating the term when a juvenile is confined to CYA.

Appellant's contrary argument is not persuasive. She asks us to find that section 731, subdivision (b) vests the juvenile court with discretion in other confinement contexts because, according to her reading of *In re David H.,* the juvenile court will not be otherwise able to recalculate her term of confinement if she is later sent to CYA. (*In re David H.* (2003) 106 Cal.App.4th 1131, 1136–1137 [131 Cal.Rptr.2d 330] [a juvenile court may not recalculate the maximum confinement time for a previously sustained petition].)

We disagree. *In re David H.* was decided before the Legislature amended section 731 to give the juvenile court discretion to consider the facts and circumstances of each case before specifying the maximum term of confinement to CYA. Since the Legislature intended to give the juvenile court discretion in the context of initially computing CYA confinement, the statute,

by logical implication, permits the juvenile court to recalculate the maximum term of confinement for detention at CYA if the juvenile had been previously committed to another reformatory institution.

## DISPOSITION

The order (declaration of wardship) appealed from is affirmed.

Epstein, P. J., and Manella, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 11, 2006, S146047.