[No. C063517. Third Dist. May 31, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL WOODWARD, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is ordered published with the exception of parts I, III, and IV of the Discussion.

Counsel

Victor S. Haltom, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette and Michael P. Farrell, Assistant Attorneys General, and Kelly E. LeBel, Deputy Attorney General, for Plaintiff and Respondent.

Opinion

HOCH, J.—In *People v. Woodward* (2004) 116 Cal.App.4th 821 [10 Cal.Rptr.3d 779], we affirmed defendant Daniel Woodward's convictions for possessing child pornography (Pen. Code, § 311.11, subd. (a))[1] and committing a lewd and lascivious act on a child under the age of 14 (§ 288, subd. (a)) against B., his daughter. (116 Cal.App.4th at pp. 825–826.) While defendant was serving the resulting prison sentence, the Sacramento County District Attorney charged defendant with committing two counts of lewd and lascivious acts on a child under the age of 14 against T.C. and A.G. (§ 288, subd. (a).) Defendant was also alleged to have committed the offenses against multiple victims within the meaning of the "One Strike" law. (Former § 667.61, subd. (e)(5); One Strike Law.)[2]

---

[1] Undesignated statutory references are to the Penal Code.

[2] Defendant was charged with committing the offenses between January 1999 and December 2002. At the time, former section 667.61 provided in pertinent part:

"(a) A person who is convicted of an offense specified in subdivision (c) under one or more of the circumstances specified in subdivision (d) or under two or more of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 25 years except as provided in subdivision (j).

"(b) Except as provided in subdivision (a), a person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 15 years except as provided in subdivision (j).

"(c) This section shall apply to any of the following offenses: [¶] . . . [¶] (7) A violation of subdivision (a) of Section 288, unless the defendant qualifies for probation under subdivision (c) of Section 1203.066.

"(d) The following circumstances shall apply to the offenses specified in subdivision (c): [¶] (1) The defendant has been previously convicted of an offense specified in subdivision (c) . . . . [¶] (2) The defendant kidnapped the victim of the present offense and the movement of the victim substantially increased the risk of harm to the victim over and above that level of risk necessarily inherent in the underlying offense in subdivision (c). [¶] (3) The defendant inflicted aggravated mayhem or torture on the victim or another person in the commission of the present

A jury convicted defendant as charged and found true the multiple victim allegation. The trial court sentenced defendant to an aggregate term of 30 years to life in prison, composed of consecutive 15-year-to-life sentences.

On appeal, defendant contends (1) the prosecution commenced this case after the applicable six-year statute of limitations had run, (2) the failure to plead that he was not eligible for probation precluded the application of the One Strike Law, (3) the trial court erred in hearing defense counsel's motion for a hearing pursuant to Evidence Code section 782 even though defendant was not personally present, and (4) the trial court abused its discretion by sentencing him to consecutive terms while unaware of its discretion to impose concurrent terms and without stating its reason for imposing consecutive terms.

We vacate the sentence and remand the case so that the trial court may exercise its discretion in determining whether to impose consecutive or concurrent sentences. In all other respects, we affirm defendant's convictions.

---

offense in violation of Section 205 or 206. [¶] (4) The defendant committed the present offense during the commission of a burglary, as defined in subdivision (a) of Section 460, with intent to commit an offense specified in subdivision (c).

"(e) The following circumstances shall apply to the offenses specified in subdivision (c): [¶] . . . [¶] (5) The defendant has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim. [¶] . . . [¶]

"(f) If only the minimum number of circumstances specified in subdivision (d) or (e) which are required for the punishment provided in subdivision (a) or (b) to apply have been pled and proved, that circumstance or those circumstances shall be used as the basis for imposing the term provided in subdivision (a) or (b) rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty. However, if any additional circumstance or circumstances specified in subdivision (d) or (e) have been pled and proved, the minimum number of circumstances shall be used as the basis for imposing the term provided in subdivision (a), and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other law. Notwithstanding any other law, the court shall not strike any of the circumstances specified in subdivision (d) or (e).

"(g) The term specified in subdivision (a) or (b) shall be imposed on the defendant once for any offense or offenses committed against a single victim during a single occasion. If there are multiple victims during a single occasion, the term specified in subdivision (a) or (b) shall be imposed on the defendant once for each separate victim. Terms for other offenses committed during a single occasion shall be imposed as authorized under any other law, including Section 667.6, if applicable. [¶] . . . [¶]

"(i) For the penalties provided in this section to apply, the existence of any fact required under subdivision (d) or (e) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." (Stats. 1998, ch. 936, § 9, pp. 6874–6876, eff. Sept. 28, 1998.)

Further references to section 667.61 are to this version of the statute.

## FACTUAL AND PROCEDURAL HISTORY

### *Prosecution Evidence*

In July 1999, defendant "met" T.A. online and they developed a relationship over the ensuing months. In December 1999, T.A. and her two daughters, T.C. and A.G., moved from Florida to live with defendant in Sacramento, California. T.C. was nine years old and A.G. was seven years old.

One day in spring 2000, defendant was sitting on the couch watching a movie with T.C. and A.G. T.A. was not home at the time. Defendant told A.G. to come to his bedroom with him. Defendant sat in his computer chair and instructed A.G. to sit on his lap. Defendant began touching A.G.'s leg before putting his hand into her pants. He rubbed her vagina and inserted his finger. Defendant stopped when T.C. called for her sister from the living room. Defendant told A.G. not to tell anyone.

T.A. and her daughters moved out of defendant's apartment after living with him for approximately three months. After moving out, T.C. and A.G. visited defendant twice a month. On two or three occasions, the girls spent the night at defendant's apartment.

During a sleepover in the spring of 2000, defendant and T.C. were sitting on a couch in the living room and watching a movie. T.C. was wearing a knee-length nightgown. Defendant was lying with his back against the end of the couch, and T.C. was "laying against him" in a "sort of spooning" position. Defendant put his hand on her vaginal area on the outside of her clothes. T.C. felt uncomfortable with the touching, which lasted about five seconds. She got up and left the room. After the incident, T.C. asked her mother to not spend the night at defendant's apartment anymore.

In May 2006, T.C. and A.G. reported to law enforcement that defendant had molested them.

In 2009, as part of its case-in-chief, the prosecution introduced evidence of defendant's prior child molestation offense in November 2000 pursuant to Evidence Code section 1108. The evidence concerned defendant's molestation of his daughter, B. On November 25, 2000, B. and her brother spent the night at defendant's house. B. was six years old and her brother was seven. On November 26, 2000, B. sat on defendant's lap while they watched a movie from his couch. She was wearing one of defendant's T-shirts but did not have any underwear on. Her brother was sitting in front of the couch with his back toward B. and defendant.

Defendant touched her vagina with his finger. He then announced that it was "bath time." B.'s brother continued to watch the movie while defendant and B. headed to the bathroom. After B. got into the bath, defendant "washed [her] as if [she] were a little girl." At the time, B. typically took baths by herself when at home with her mother.

Defendant took off his clothes and got into the bath with B. He made her "wash the lower part of his body all over, including his penis." Defendant's penis was erect. Defendant turned on the shower and rinsed both of them off. After the shower, defendant dried B. off with a towel and told her not to tell anyone.

Later that day, B. told her grandmother, who immediately reported the incident to the police. That night, the police went to defendant's apartment to question him about B.'s report of being molested. Defendant invited the police officers into the apartment where the officers observed a desktop computer with a picture of a girl with a dildo in her vagina. The desktop of the computer showed files related to incest and bestiality. Defendant told the police "that he was not a child molester, that he was doing research" on incest and bestiality.

The prosecution introduced a certified copy of the abstract of judgment showing defendant's conviction for committing a lewd and lascivious act against B. (§ 288, subd. (a).)

### Defense Evidence

Defendant testified on his own behalf. He acknowledged having child pornography on his computer when the police came to question him in November 2000. Defendant stated that he had been "researching incest and bestiality, rape, and molestation" to educate himself on the subjects so that he could persuade a girlfriend who lived in Indiana to seek counseling for her childhood sexual abuse.

Defendant acknowledged that B. and her brother visited him on November 25, 2000. After arriving at his apartment around 7:00 p.m., B. and her brother quickly changed into defendant's T-shirts in lieu of their own pajamas. B. sat on defendant's lap while they all watched a movie. During the movie, B. began to tickle defendant, who tickled her back. Defendant admitted that he took a shower with B. but denied that she touched his penis or that he had an erection. Defendant acknowledged that he had been convicted for molesting B.

Defendant denied ever touching T.C. or A.G. inappropriately. He explained that A.G. could not have sat on his lap in his home office because of the shape of his ergonomic chair. Defendant denied that he ever fondled T.C.

## DISCUSSION

### I

### *Claimed Expiration of the Statute of Limitations**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

### *Claimed Defective Pleading of the One Strike Law*

Defendant next argues that the trial court was precluded from sentencing him under the One Strike Law because the prosecution failed to plead that he was not eligible for probation. Defendant does not argue that he was actually eligible for probation, but only that the failure to expressly plead his ineligibility for probation in the charging document precluded his sentencing under the One Strike Law. We are not persuaded.

As we have noted, defendant was charged with two counts of lewd and lascivious acts on a child under the age of 14, against T.C. and A.G. And, he was alleged to have "committed the . . . described offense(s) against two or more victims, within the meaning of . . . Section 667.61(e)(5)." The jury convicted defendant as charged and found true the allegation that he committed the offenses against multiple victims.

Defendant argues that the application of the One Strike Law set forth in former subdivision (i) of section 667.61 requires the pleading to allege that defendant is ineligible for probation as set forth in former section 1203.066.[4]

■ Former subdivision (i) of section 667.61 set forth the pleading and proof requirement for the One Strike Law as follows: "For the penalties

---

*See footnote, *ante*, page 1143.

[4] At the time defendant committed his offenses, subdivision (a) of section 1203.066 rendered ineligible for probation any person convicted of specified sex offenses, such as those committed with great bodily injury, against multiple victims, or with the use of a weapon. As pertinent to this case, subdivision (c) of section 1203.066 provided that a defendant who committed a violation of section 288 was eligible for probation only "when the court makes all of the following findings: [¶] (1) The defendant is the victim's natural parent, adoptive parent, stepparent, relative, or is a member of the victim's household who has lived in the victim's household. [¶] (2) A grant of probation to the defendant is in the best interest of the child. [¶] (3) Rehabilitation of the defendant is feasible, the defendant is amenable to undergoing treatment, and the defendant is placed in a recognized treatment program designed to deal with child molestation immediately after the grant of probation or the suspension of execution or imposition of sentence. [¶] (4) The defendant is removed from the household of the victim

provided in this section to apply, the existence of any fact required under subdivision (d) or (e) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." Allegations that the charged offenses violated former subdivision (d) or (e) of section 667.61 require the trial court to impose either a 15-year-to-life or a 25-year-to-life sentence depending on the number of applicable factors listed in those subdivisions.[5]

The only exception to the mandatory life prison term set forth in the One Strike Law is for defendants who violated only section 288, subdivision (a), and are eligible for probation. As our Supreme Court has noted, "conviction of nonforcible lewd or lascivious acts on a child under the age of 14 years (§ 288, subd. (a)) will qualify for One Strike sentencing treatment 'unless the defendant qualifies for probation under subdivision (c) of section 1203.066.' (§ 667.61, subd. (c)(7).)" (*People v. Mancebo* (2002) 27 Cal.4th 735, 741, fn. 3 [117 Cal.Rptr.2d 550, 41 P.3d 556] (*Mancebo*).)

Defendant seizes on the exception set forth in former subdivision (c)(7) of section 667.61 to argue that the district attorney's failure to plead his ineligibility for probation prevented his sentencing under the One Strike Law. In so arguing, defendant acknowledges that the information filed against him *did* plead the application of the One Strike Law by alleging multiple victims and referring to former subdivision (e)(5) of section 667.61. Nonetheless, he contends that the information's pleading of the One Strike Law was insufficient without also alleging that he was ineligible for probation under former section 1203.066.

In support of his argument, defendant relies on *Mancebo, supra,* 27 Cal.4th 735 and *People v. Hammer* (2003) 30 Cal.4th 756 [134 Cal.Rptr.2d 590, 69 P.3d 436] (*Hammer*). Neither case supports his argument.

In *Mancebo, supra,* 27 Cal.4th at page 738, the validity of the One Strike sentence imposed was uncontested. Instead, *Mancebo* involved only the issue of whether the defendant's use of a gun could serve both as a basis for invoking One Strike sentencing and to impose firearm enhancements under

---

until the court determines that the best interests of the victim would be served by returning the defendant to the household of the victim. . . . [¶] (5) There is no threat of physical harm to the child victim if probation is granted."

Former subdivision (d) of section 1203.066 provided that "[t]he existence of any fact that would make a person ineligible for probation . . . shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the jury trying the issue of guilt or by the court where guilt is established by plea of guilty or nolo contendere or by trial by the court sitting without a jury."

Further references to section 1203.066 are to this version of the statute.

[5] See footnote 2, *ante* (setting forth the text of former § 667.61).

section 12022.5, subdivision (a). (*Mancebo*, at p. 738.) The Supreme Court concluded that the gun use, "having been properly pled and proved as a basis for One Strike sentencing, was unavailable to support section 12022.5(a) enhancements." (*Mancebo*, at p. 739.) Although requirements of One Strike pleading were not at issue in *Mancebo*, the high court did note that "[t]he language of subdivision (i) of section 667.61, requiring that '[f]or the penalties provided in this section to apply, the existence of any fact required under subdivision (d) or (e) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact,' is straightforward and plain." (*Mancebo*, at p. 749.) Thus, the *Mancebo* court deemed sufficient the One Strike pleading in a case in which the information "made specific reference to subdivision (e) of section 667.61 . . . ." (*Mancebo*, at p. 749.)

Here, the information expressly alleged that defendant molested multiple victims and specifically referred to former subdivision (e)(5) of section 667.61 as the provision rendering the One Strike Law applicable. As in *Mancebo*, the pleading was sufficient to invoke the application of the One Strike Law.

In *Hammer*, the California Supreme Court considered whether a defendant who had been granted probation for an earlier conviction of section 288, subdivision (a), could later be sentenced under the One Strike Law in reliance on the prior child molestation conviction. (*Hammer, supra*, 30 Cal.4th at p. 759.) The *Hammer* court noted that eligibility for probation under former subdivision (c) of section 1203.066 allows the trial court to avoid imposing a life sentence for a conviction otherwise subject to the One Strike Law. (*Hammer* at p. 759.) Nonetheless, *Hammer* affirmed the One Strike sentence despite the defendant's prior term of probation for the earlier child molestation. (*Ibid.*)

In affirming the One Strike sentence, the *Hammer* court noted that "section 1203.066—enacted more than a decade before the Legislature adopted the One Strike [L]aw—generally requires prison sentences and bars probation for those who are convicted of violating section 288 and related offenses. (See § 1203.066, subd. (a).) As we recounted in *People v. Jeffers* (1987) 43 Cal.3d 984, 993–997 [239 Cal.Rptr. 886, 741 P.2d 1127] (*Jeffers*), however, the Legislature was motivated by various policy considerations to enact a limited exception to the general bar on probation. Accordingly, subdivision (c) of section 1203.066 provides that if the defendant is the victim's 'relative' or 'member of the victim's household,' and if other conditions are met, a trial court may exercise discretion to grant probation to a defendant convicted of violating section 288, subdivision (a)." (*Hammer, supra*, 30 Cal.4th at

pp. 765–766.) *Hammer*, however, does not hold that the failure to plead ineligibility for probation under section 1203.066 precludes the application of the One Strike Law.

Defendant asks us to impose a rule of pleading that would require the prosecution plead the absence of a fact that might *decrease* the penalty sought. We decline to do so.

 Any fact serving to increase the penalty must be pled. As the California Supreme Court has explained, " ' "before a defendant can properly be sentenced to suffer the *increased* penalties flowing from . . . [a] finding . . . [of a prior conviction] the fact of the prior conviction . . . must be charged in the accusatory pleading, and if the defendant pleads not guilty thereto the charge must be proved and the truth of the allegation determined by the jury, or by the court if a jury is waived." ' ([*People v.*] *Lo Cicero*[ (1969)] 71 Cal.2d [1186,] 1192–1193 [80 Cal.Rptr. 913, 459 P.2d 241], quoting *People v. Ford* [(1964)] 60 Cal.2d [772,] 794 [36 Cal.Rptr. 620, 388 P.2d 892].)" (*In re Varnell* (2003) 30 Cal.4th 1132, 1140 [135 Cal.Rptr.2d 619, 70 P.3d 1037], italics added (*Varnell*).)

The converse is not true. The prosecution need not allege the absence of a factor, such as eligibility for probation, that may lighten the punishment on defendant. (See *Varnell, supra,* 30 Cal.4th at pp. 1132, 1141 [rejecting contention that "a defendant is entitled as a matter of due process to notice in the accusatory pleading of his ineligibility for less restrictive alternate punishments" such as probation].) Probation eligibility does not represent the sort of increase in penalty that the Supreme Court has required to be pled. (*Id.* at p. 1140.) As this court has noted, "[f]inding a defendant ineligible for probation is not a form of punishment, because probation itself is an act of clemency on the part of the trial court." (*People v. Benitez* (2005) 127 Cal.App.4th 1274, 1278 [26 Cal.Rptr.3d 262].) Rather than being a burden on the prosecution to disprove, any eligibility for probation must be shown *by the defendant.* "[A] defendant has the burden to present evidence showing that he is entitled to consideration for probation under subdivision (c) of section 1203.066." (*People v. Groomes* (1993) 14 Cal.App.4th 84, 89 [17 Cal.Rptr.2d 469].)

Here, the prosecution satisfied the One Strike pleading requirement by alleging its applicability due to defendant's commission of qualifying offenses against multiple victims. (§ 667.61, former subd. (e)(5).) Section 667.61 does not require that the People also allege the inapplicability of a circumstance that might remove defendant from the statutory scheme's penalty provisions.

Even if the pleading had been defective as defendant contends, he cannot demonstrate prejudice because the evidence at trial showed that T.C. and A.G. were not relatives or members of his household. Consequently, defendant did not meet the requirement set forth in former subdivision (c)(1) of section 1203.066 that he be a relative of the victims or a member of their household. No outcome more favorable to defendant would have resulted from any change in pleading requirements. (*People v. Watson* (1956) 46 Cal.2d 818, 834–836 [299 P.2d 243].)

### III, IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The sentence is vacated. The matter is remanded to the trial court to exercise its discretion in resentencing in accordance with this opinion. The clerk of the superior court is then directed to prepare a new abstract of judgment and to forward a certified copy of the same to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

Blease, Acting P. J., and Nicholson, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 28, 2011, S194725.

---

*See footnote, *ante*, page 1143.