Filed 9/29/16  P. v. Lipkin CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENNETH E. LIPKIN,<br><br>    Defendant and Appellant. | B264599<br><br>(Los Angeles County<br>Super. Ct. No. BA432641) |

APPEAL from a judgment of the Superior Court of Los Angeles County. C. H. Rehm, Jr., Judge.  Affirmed.

C. Matthew Missakian, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Zee Rodriguez and Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

A jury convicted Kenneth E. Lipkin (defendant) of assault by means likely to produce great bodily injury and of inflicting great bodily injury when he threw a scalding hot cup of coffee at a Starbucks barista. On appeal, defendant argues that (1) his conviction is invalid because his attorney was constitutionally ineffective for not objecting to the prosecutor's misstatement of the burden of proof during closing argument, and (2) he is entitled to be resentenced because the trial court did not order a posttrial probation report, even though defendant expressed his desire to be sentenced immediately. Because neither argument has merit, we affirm his conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

Just after 7:00 a.m. on December 18, 2014, defendant walked into a Starbucks and ordered a 16-ounce cup of coffee with whipped cream. When a barista served him a cup that he did see her freshly pour, he removed the lid, threw the cup of coffee at her, and said, "Mother fucking bitch, fuck you!" The coffee was brewed at over 200 degrees Fahrenheit. The scalding coffee produced first and second degree burns on the barista's upper chest, causing a "consistent" "burning" pain for three days and blistering for a month. Defendant immediately left the store.

The People charged defendant with assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] and further alleged that he inflicted great bodily injury (§ 12022.7, subd. (a)). Defendant went to trial, and a jury convicted defendant and found the great bodily injury allegation to be true.

On the day the jury returned its verdict, defendant "requested immediate sentenc[ing]." The trial court imposed a sentence of six years, comprised of a midterm sentence of three years on the assault charge plus an additional three years for the great bodily injury enhancement.

Defendant filed this timely appeal.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

**DISCUSSION**

## I. Ineffective Assistance of Counsel

### A. *Relevant facts*

After the trial court correctly instructed the jury that "[p]roof beyond a reasonable doubt is proof that leaves you with an abiding conviction that the charge is true," the attorneys gave their closing arguments. Defense counsel reiterated that the jurors each had to have "an abiding conviction that [he or she] know[s] that [the charge] is true." Defense counsel then referred to the answers given by one of the prospective jurors during jury selection; that prospective juror had indicated he did not want to serve on the jury because he felt that the verdict he reached on a trial six years earlier "wasn't right." Defense counsel went on to argue that "[a]n abiding conviction is you're so convinced that the People have presented so much evidence that this charge is true that you have an abiding conviction . . . six years from now . . . ."

The prosecutor directly responded to this argument on rebuttal, stating: "[G]uilty beyond a reasonable doubt . . . means . . . you have an abiding conviction that the charge is true. You're comfortable with your verdict when you make it. The next day you're comfortable. When you go home finally [and] talk to your friends and family about the case . . ., you're comfortable with your verdict. [¶] Next year when you get your jury summons again, you're comfortable with your verdict, and then many years from now you're comfortable with your verdict." The prosecutor went on to repeat that "guilt beyond a reasonable doubt" equated to "an abiding conviction the charge is true." Defendant did not object to the prosecutor's argument.

### B. *Analysis*

Defendant argues that his attorney was constitutionally ineffective because she did not object when the prosecutor allegedly equated proof beyond a reasonable doubt with the jurors being "comfortable" with a guilty verdict. We disagree.

An attorney is constitutionally ineffective if (1) his performance fell below an objective standard of reasonableness, and (2) but for that ineffectiveness, it is reasonably probable that the outcome of the proceeding would have been different. (*People*

3

*v. Brown* (2014) 59 Cal.4th 86, 109; see also *Strickland v. Washington* (1984) 466 U.S. 668.)  Defendant cannot establish either prong of this test because the prosecutor's argument did not constitute misconduct.

A prosecutor's conduct violates due process under the federal Constitution when it "infects [a] trial with such unfairness as to make the conviction a denial of due process" and violates due process under California law if it "involve[s] use of deceptive or reprehensible methods to attempt to persuade either the court or the jury." (*People v. Cortez* (2016) 63 Cal.4th 101, 130.)  Although "'it is improper for the prosecutor to misstate the law generally [citation], and particularly to attempt to absolve the prosecution from its prima facie obligation to overcome reasonable doubt on all elements [citation]'" (*id.*, quoting *People v. Marshall* (1996) 13 Cal.4th 799, 831), a prosecutor's comments constitute misconduct only if "'the defendant . . . show[s] a reasonable likelihood the jury understood or applied the complained-of comments in an improper or erroneous manner.'" (*People v. Seumanu* (2015) 61 Cal.4th 1293, 1337 (*Seumanu*).)  In undertaking this examination, we view the challenged comments "in context," including whether they were "'"a fair response to defense counsel's remarks."'" (*Cortez*, at p. 130; *Seumanu*, at p. 1337.)  "'[W]e "do not lightly infer" that the jury drew the most damaging rather than the least damaging meaning from the prosecutor's statements.'" (*Seumanu*, at p. 1337, quoting *People v. Frye* (1998) 18 Cal.4th 894, 970.)

Under these standards, the prosecutor's comments in this case do not constitute prosecutorial misconduct.  In rebuttal, the prosecutor did not shy away from properly defining proof beyond a reasonable doubt as having an "abiding conviction"; instead, he cited that standard twice, both before and after his allegedly improper comments. Moreover, the prosecutor's reference to whether the jurors would be "comfortable" with their verdict days and years later is directly responsive to defense counsel's argument that an abiding conviction is one which a juror believes is true six years after the trial.  In this context, and coupled with the trial court's unassailably correct instructions on this point, we conclude that it is not reasonably likely that the jury "'understood or applied'" the

4

prosecutor's comments in an "'improper or erroneous manner.'" (*Seumanu*, *supra*, 61 Cal.4th at p. 1337.)

## II.     Sentencing Error

Defendant also argues that he is entitled to a new sentencing hearing because the trial court did not order a new probation report for him following the jury's verdict. Because our resolution of this issue turns on questions of statutory interpretation and the application of law to undisputed facts, our review is de novo. (*People v. Prunty* (2015) 62 Cal.4th 59, 71; *People v. Christman* (2014) 229 Cal.App.4th 810, 815.)

Section 1203, subdivision (b)(1) requires a trial court to "immediately" and "before judgment is pronounced" "refer the matter to a probation officer" to prepare a report "if a person is convicted of a felony and is eligible for probation." This is a mandatory duty, except when (1) the prosecution and defense stipulate to waive the preparation of a report, (2) the trial court "consents" to that stipulation, and (3) the stipulation is "entered upon the minutes of the court." (*Id.*, subd. (b)(4).) Absent a waiver, noncompliance with this requirement mandates reversal for a new sentencing hearing regardless of prejudice.[2] (*People v. Rojas* (1962) 57 Cal.2d 676, 682-683; *People v. Gorley* (1988) 203 Cal.App.3d 498, 506; *People v. Mariano* (1983) 144 Cal.App.3d 814, 824-825.) Because defendant was convicted of a felony, because the trial court never ordered the preparation of a postverdict probation report, and because defendant's oral request to be sentenced immediately did not satisfy the statutory requirements for a valid waiver, the question of whether defendant is entitled to a new sentencing hearing turns solely on whether defendant was "eligible for probation." (Accord, *People v. Doobins* (2005) 127 Cal.App.4th 176, 180 ["a probation report is not necessarily required if defendant is statutorily ineligible for probation"].)

We conclude defendant was not eligible for probation. Among other times, a defendant is not eligible for probation if (1) he is convicted of a "violent" or "serious"

---

[2]     Because an inquiry into prejudice is irrelevant, we have no occasion to examine defendant's argument that he was prejudiced by the lack of a probation report because it might have revealed that he was eligible for probation as a veteran under section 1170.9.

5

felony, and (2) he "was on probation for a felony offense at the time of the commission of the new" "serious" or "violent" felony. (§ 1203, subd. (k); accord, *People v. Neild* (2002) 99 Cal.App.4th 1223, 1227 ["the Legislature intended section 1203, subdivision (k) to eliminate the trial court's discretion to grant probation"].) It is undisputed that defendant's crime in this case is a "serious" felony and a "violent" felony because it is a "felony in which the defendant inflict[ed] great bodily injury on any person[] other than an accomplice." (§ 667.5, subd. (c)(8) [so defining "violent" felony]; § 1192.7, subd. (c)(8) [so defining "serious" felony].) It is also undisputed that, at the time of the assault charged in this case, defendant was on probation for his 2013 felony conviction for petty theft with a prior (§ 666). Although this 2013 conviction is subject to redesignation as a misdemeanor under Proposition 47 (§ 1170.18), that offense had not been redesignated by the time of sentencing, and any subsequent redesignation of that conviction under Proposition 47 would not apply retroactively. (*People v. Jones* (2016) 1 Cal.App.5th 221, 230, review granted Sept. 14, 2016, S235901.)[3] Because defendant was not eligible for probation, the trial court did not violate section 1203's mandate to order a probation report.

Defendant raises two arguments in response. First, he argues that we may not rely upon his ineligibility for probation because it was neither pled in the information nor proven to the jury beyond a reasonable doubt. We reject this argument. As noted above, defendant's ineligibility for probation in this case rests on two facts: (1) that his current offense is a "serious" or "violent" felony; and (2) that he was on probation at the time he committed the current offense. Defendant is correct that the People must plead and prove the first fact—that is, any conviction that renders a defendant ineligible for probation. (*People v. Lo Cicero* (1969) 71 Cal.2d 1186, 1194; *People v. Lara* (2012) 54 Cal.4th 896,

---

[3]     This issue is pending before our Supreme Court in *People v. Valenzuela* (2016) 244 Cal.App.4th 692, review granted March 30, 2016, S232900.

6

904.)**[4]** However, the People complied with this requirement because the relevant conviction in this case was the current assault crime and its enhancement—both of which were pled in the information and proven to a jury beyond a reasonable doubt. The People need not plead and prove the second fact—that is, a defendant's status as a probationer at the time of the instance offense. (*People v. Towne* (2008) 44 Cal.4th 63, 79 ["the federal constitutional right to a jury trial and proof beyond a reasonable doubt on aggravating circumstances does not extend to the circumstance that a defendant was on probation or parole at the time of the offense"].) Because the People have pled and proven the first fact rendering defendant ineligible for probation and were excused from pleading and proving the second, the People complied with their pleading and proof obligation with respect to the facts that rendered defendant ineligible for probation. Although the People did not plead and prove the legal conclusion that these two facts rendered defendant ineligible for probation under section 1203, subdivision (k), this is of no consequence because pleading and proof requirements apply to "facts," not the legal effect of those facts. (See *Lara*, at p. 901 [noting that the People are required to plead and prove "the disabling facts" that render a defendant ineligible for sentencing credits, but not "the effect that [those facts] would have on [custody] credits"].)

Second, defendant contends that California Rules of Court, rule 4.411(b) provides that a court "should" order a probation report, even for defendants who are "not eligible for probation." Tracking section 1203, the same rule provides that a court "must" order a probation report for defendants who are "eligible for probation." (Cal. Rules of Court, rule 4.411(a).) Ordering a report in the latter situation is mandatory; in the former situation, it is precatory. The trial court's noncompliance with this advisory suggestion consequently does not invalidate the sentencing.

---

**[4]** We note that some courts have started to question the continued validity of *Lo Cicero* on the ground that probation is now viewed more as a form of clemency than a form of punishment, and that "[p]robation ineligibility" accordingly "does not represent the sort of increase in penalty that the Supreme Court has required to be pled." (*People v. Woodward* (2011) 196 Cal.App.4th 1143, 1152.)

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
HOFFSTADT

We concur:

_____, P. J.
BOREN

_____, J.
CHAVEZ

8