Filed 8/23/22  Knopp v. Superior Court CA2/2
Opinion after transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| VICTOR MICHAEL KNOPP, | B317877 |
| Petitioner, | |
| v. | (Los Angeles County Super. Ct. No. PA093150) |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Tricia J. Taylor, Judge.  Petition denied.

Ricardo D. Garcia, Public Defender, Albert J. Menaster, Jacob Stromin, and Nick Stewart-Oaten, Deputy Public Defenders, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and Marc A. Kohm, Deputy Attorneys General, for Real Party in Interest.

_____

Following his nolo contendere plea, petitioner Victor Michael Knopp (Knopp) was sentenced to three years probation. Thereafter, Knopp moved to terminate his probation one year after sentencing, contending that his probation terminated by operation of law based on the retroactive application of Penal Code section 1203a[1] (as amended by Assem. Bill No. 1950 (2019-2020 Reg.Sess.)), which limits the term of probation in most misdemeanor cases to one year. The trial court denied Knopp's motion, finding that because "the victim [of Knopp's crime] is one of domestic violence," pursuant to section 1203.097, probation must be three years.

Knopp seeks review of that order by way of the instant petition for writ of mandate. This court initially denied the petition, but the Supreme Court directed that we instead issue an order to show cause. Having done so, and having taken briefing and argument, we again deny the petition.

**PROCEDURAL BACKGROUND**

On July 25, 2019, a complaint was filed against Knopp charging him with two counts of making criminal threats (§ 422,

_____

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

subd. (a)) and two counts of battery (§ 242). The probation officer's early disposition report, filed in the trial court on March 20, 2020, summarized how these charges were based upon Knopp threatening to kill his father and striking his sister and father. It also noted that Knopp has two prior convictions for domestic violence.

On March 20, 2020, the complaint was amended, and Knopp pled nolo contendere to a violation of section 422, subdivision (a). The trial court accepted his plea, placed him on three years of summary probation, and ordered him to complete one year of mental health counseling. While he was ordered to pay various fines, he was not ordered to pay a domestic violence fine, to perform community labor, or to complete a domestic violence class. But the trial court ordered Knopp to obey the protective order issued in this case. In fact, it reminded Knopp that he was to "[s]tay 100 yards away from and have no contact with Victor Knopp and Cand[i]ce Knopp."

Probation was revoked on August 19, 2020, reinstated on September 21, 2020, and revoked again on June 24, 2021.

On October 29, 2021, Knopp moved to terminate probation pursuant to Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Assem. Bill No. 1950), which took effect January 1, 2021, modified section 1203a, retroactively making the maximum period of probation for most misdemeanors, including violations of section 422, 12 months. (§ 1203a, subd. (a); *People v. Sims* (2021) 59 Cal.App.5th 943, 964.) But, section 1203a allows for a longer probation period when the defendant has been convicted of an offense that "includes specific probation lengths within its provisions." (§ 1203a, subd. (b).)

After taking a recess to consider Knopp's motion, the trial court denied it, reasoning that Assem. Bill No. 1950 excludes "crimes involving domestic violence, specifically . . . section 1203.097, subdivision (a). It indicates if a person is granted probation for a crime in which the victim is a person defined in section 6211 of the Family Code, the terms of probation shall include a minimum period of probation of 36 months." And, "the victim in this case, who is [Knopp's] father . . . would clearly fall within that scope." While defense counsel disagreed with the trial court's statutory analysis, he did not object on the grounds that the victim in this case was anyone other than Knopp's father. Ultimately, the trial court denied Knopp's motion, finding that "the victim is one of domestic violence pursuant to Penal Code section 1203.097, thus probation must be 3 years."

This petition followed.

## DISCUSSION

Knopp argues that his term of probation should be discharged because, pursuant to Assem. Bill No. 1950, probation is now limited in most misdemeanor cases to one year. The primary disputed issue in this appeal is whether the statute under which Knopp was convicted, section 422, includes a "specific probation length[] within its provisions" (§ 1203a, subd. (b)) and therefore, under the facts presented in this case, falls within the exception to the one-year rule.

I. *Relevant law*

Effective January 1, 2021, Assem. Bill No. 1950 amended section 1203a to limit probation in most misdemeanor cases to one year. (§ 1203a, subd. (a).) But, the one-year limit does not apply to all offenses: Exempt from the limit is any "offense that includes specific probation lengths within its provisions."

4

(§ 1203a, subd. (b); *People v. Rodriguez* (2022) 79 Cal.App.5th 637, 641.)

Section 1203.097, subdivision (a)(1), requires a 36-month minimum period of probation "[i]f a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code." Family Code section 6211, subdivision (f), defines domestic violence as abuse that is perpetrated against a "person related by consanguinity or affinity within the second degree." Under the Domestic Violence Prevention Act (Fam. Code, § 6200 et seq.), of which Family Code section 6211 is a part, "[a]buse is not limited to the actual infliction of physical injury or assault" (Fam. Code, § 6203, subd. (b)), but includes "any behavior that has been or could be enjoined pursuant to [Family Code] Section 6320." (Fam. Code, § 6203, subd. (a)(4).) Family Code section 6320 in turn provides that "[t]he court may issue an ex parte order enjoining a party from . . . coming within a specified distance of, or disturbing the peace of the other party."

Section 1203.097 is not limited in its application to particular offenses. (*People v. Forester* (2022) 78 Cal.App.5th 447, 453.) Rather, the statute applies to "defendants convicted of any crime of 'abuse' so long as the victim is a person identified in Family Code section 6211." (*People v. Cates* (2009) 170 Cal.App.4th 545, 550.)

Whether Knopp's case falls under this exemption is an issue of statutory interpretation that we review independently. (*People v. Rodriguez, supra*, 79 Cal.App.5th at p. 642.) In doing so, we adhere to the well-established rules of statutory construction, beginning with the premise that "the language used in a statute . . . should be given its ordinary meaning, and '[i]f the language is clear and unambiguous there is no need for

5

construction, nor is it necessary to resort to indicia of the intent of the Legislature.'" (*People v. Valencia* (2017) 3 Cal.5th 347, 357.) Of course, "'[t]he words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible.' [Citation.] [And] '[w]here uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation.'" (*People v. Valencia, supra,* at pp. 357–358.)

II. *Analysis*

Knopp argues that the language in section 1203a, subdivision (a), is unambiguous in that an offense must include "'specific probation lengths within its provisions'" in order to be exempt from the one-year probation limit under section 1203a, subdivision (b). In his view, because he was "only convicted of violating section 422, an offense that does not include specific probation lengths, his maximum probationary period under [Assem. Bill No.] 1950 was twelve months, and therefore expired on March 19, 2021." We disagree.

While the language of the exemption under section 1203a, subdivision (b), appears plain enough when viewed in isolation, it must nevertheless "be construed in context and harmonized with other related statutes to the extent possible." (*People v. Rodriguez, supra,* 79 Cal.App.5th at p. 643.) We must therefore "construe the language at issue in context and harmonize it to the extent possible with other related statutes regarding probation lengths." (*Ibid.*)

The Penal Code frequently separates punishment provisions from the definitions of crimes, including placing

6

mandatory probation terms in an entirely separate statute from the statute defining the offense. (*People v. Rodriguez, supra*, 79 Cal.App.5th at p. 643; *People v. Forester*, *supra*, 78 Cal.App.5th at pp. 454–455.) Thus, for example, section 1203.047 specifies a minimum probationary term of three years (except where justice requires a shorter term) for a violation of section 502, subdivision (c), defining a range of computer crimes. If a person is convicted under Vehicle Code section 23152 or 23153 and is granted probation, Vehicle Code section 23600, subdivision (b)(1), requires a minimum probationary term of three years. And in the domestic violence context, section 273.5 does not itself contain a specific length of probation, "but requires that if probation is granted to a person convicted under section 273.5, subdivision (a), the terms of the probation must be consistent with the provisions of section 1203.097." (*People v. Rodriguez, supra*, at p. 643; *People v. Forester*, *supra*, at p. 455.)

As *People v. Rodriguez* recognized, "[p]enal statutes that set forth the elements of an offense and the sentencing provisions that are triggered upon conviction 'operate in tandem to define the crime and its consequences.' [Citation.] Accordingly, a penal statute that works in tandem with a separate sentencing statute—separate in form, but not in function—is exempt from Assembly Bill 1950's probation limits." (*People v. Rodriguez*, *supra*, 79 Cal.App.5th at p. 644.) Therefore, because of section 1203.097, a conviction of a crime where the victim is listed in Family Code section 6211 is an offense "that includes [a] specific probation length[] within its provisions" for the purposes of the exception under section 1203a, subdivision (b). (See *People v. Forester*, *supra*, 78 Cal.App.5th at p. 457.)

7

It follows that we conclude that a defendant who is placed on probation for committing a crime against a victim of domestic violence, as defined by section 1203.097, has committed "any offense that includes specific probation lengths within its provisions." (§ 1203a, subd. (b).) In such circumstances, and in the absence of a contrary legislative indication, the one-year misdemeanor probation limitation codified in section 1203a, subdivision (a), does not apply. (See *People v. Forester*, *supra*, 78 Cal.App.5th at pp. 457–458 [addressing the two-year felony probation limitation codified in § 1203.1, subd. (l)(1), and reaching the same conclusion].)

Knopp resists this conclusion by asserting that "the record establishes that neither the court or prosecutor felt constrained by the requirements of section 1203.097 at the time of sentencing." After all, Knopp was not ordered to pay a $500 domestic violence fine, to perform community service, and to pay for and complete a one-year domestic violence program. But, Knopp was ordered to comply with the protective order issued. And, Knopp directs us to no legal authority in support of the proposition that we are somehow bound by the trial court's apparent error in failing to impose all of the conditions required under section 1203.097.[2] Nor does Knopp argue that he entered

2       In *People v. Rodriguez*, *supra*, 79 Cal.App.5th at page 640, the defendant pleaded no contest to assault with force likely to produce great bodily injury. He was sentenced to three years probation and ordered to attend a 52-week batterer's program as required by section 1203.097. (*People v. Rodriguez, supra,* at p. 640.) Even though there is no indication that the defendant's probation was conditioned with the other requirements of section 1203.097, the Court of Appeal found that he was not entitled to reduce his probation under Assem. Bill No. 1950. (*People v.*

8

his plea with the understanding that the conditions of section 1203.097 did not apply.

Urging us to conclude otherwise, Knopp argues that the trial court was "not empowered to find [him] 'guilty' of violating section 1203.097, because such a finding can only be made by a jury." We disagree. Knopp pled no contest and, in exchange, he was sentenced to probation. He offers no legal authority to support his contention that under these circumstances, he is entitled to a jury trial to determine whether the victim of his crime is a person described by Family Code section 6211.

Furthermore, a determination of the victim's identity under section 1203.097 does not implicate the Sixth Amendment because it does not increase the penalty for an offense; rather, it bears upon the length of a probation period, which is an act of leniency in lieu of a prison term. (§ 1203.097; *People v. Woodward* (2011) 196 Cal.App.4th 1143, 1152 ["'finding a defendant ineligible for probation is not a form of punishment, because probation itself is an act of clemency on the part of the trial court"].) For these reasons, the cases cited in Knopp's petition are inapplicable.

Finally, Knopp argues that "even if courts were not constitutionally barred from making determinations about the factual basis of a conviction, they are certainly not permitted to do so based on unsworn multiple hearsay statements from an attorney." Assuming without deciding that the trial court merely

---

*Rodriguez*, at p. 640.) To the extent the trial court erred when it failed to impose all of the conditions required by section 1203.097, a defendant's sentence may be deemed unauthorized and subject to correction in the trial court upon request by the People. (*People v. Cates, supra,* 170 Cal.App.4th at pp. 547, 549.)

relied upon counsel's statement that the victim in this case was Knopp's father, Knopp failed to raise this objection below.  As such, it has been forfeited on appeal.  (*People v. Smith* (2001) 24 Cal.4th 849, 852; *People v. McCullough* (2013) 56 Cal.4th 589, 593.)

In any event, the trial court did not rely on hearsay.  "Once guilt has been determined, evidence which would be inadmissible on the issue of guilt may nevertheless be received as bearing on the punishment to be imposed."  (*People v. Peterson* (1973) 9 Cal.3d 717, 725; see also *People v. Hall* (2019) 39 Cal.App.5th 831, 836, 840; *People v. Sledge* (2017) 7 Cal.App.5th 1089, 1095; *People v. Buell* (2017) 16 Cal.App.5th 682, 689.)  As set forth above, part of the trial court record (and record on appeal) includes the probation officer's early disposition report, which provides ample evidence that the victim of Knopp's crimes was his father.

Knopp contends that there is "no evidence that the trial court considered the statements in the early disposition report or told [him] that it intended to do so."  We disagree.  As reflected in the court minutes, on October 29, 2021, the trial court called the matter for a bench warrant hold.  Defense counsel made an oral motion to terminate probation pursuant to Assem. Bill No. 1950.  Then, the trial court took a recess to consider the motion.  When the trial court returned, it denied the motion to terminate probation on the grounds that "the victim is one of domestic violence."  Under these circumstances, we can presume that the trial court properly considered both the applicable law and the entire court file before making its ruling.  (Evid. Code, § 664 ["It is presumed that official duty has been regularly performed"].)

# DISPOSITION

The order to show cause is discharged and the petition for writ of mandate is denied.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT

11