Filed 1/6/23  P. v. Smith CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>IVORY DEVONKENN SMITH,<br><br>      Defendant and Appellant. | B314928<br>(Los Angeles County<br> Super. Ct. No. NA115682) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard M. Goul, Judge. Affirmed and remanded.

J. Kahn, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.

In June 2021, defendant and appellant Ivory Devon Kenneth Smith was convicted of one count of continuous sexual abuse of D.S., a child under 14 years of age (Pen. Code, § 288.5, subd. (a), count 1);[1] two counts of forcibly raping his live-in girlfriend, L.S. (§ 261, subd. (a)(2), counts 2-3); and one count of inflicting corporal injury on L.S. (§ 273.5, subd. (a), count 4). Defendant was sentenced to an overall term of 25 years to life plus 17 years.

On appeal from the judgment of conviction, defendant contends (1) the matter must be remanded for resentencing on counts 2 and 3 following the recent amendment to section 1170 by Senate Bill No. 567; and (2) on remand, the court should exercise its discretion under current section 1385, as amended by Senate Bill No. 81, to strike his 25-year-to-life sentence on count 1 under the One Strike law (§ 667.61). We agree with the former contention and reject the latter contention. We vacate the sentences imposed on counts 2 and 3 and remand the cause for resentencing.

## FACTUAL BACKGROUND

1. *Prosecution Evidence*

a. *Forcible Rape Counts Involving Defendant's Girlfriend, L.S.*

Defendant and L.S. had been in a romantic relationship since 2016, and they share two children, N.S. and A.S. Between 2017 and 2020, defendant spent most nights at L.S.'s Long Beach apartment. Living inside the apartment during that time were L.S., N.S., A.S., and L.S.'s three other children, D.S., Je.S, and Jo.S.

L.S. testified that at some point in November 2018, she was laying down in her bedroom when defendant approached and asked her to have sex.

---

[1] Undesignated statutory references are to the Penal Code.

After L.S. declined, he pushed her down and penetrated her vagina with his penis. L.S. struggled with defendant. "And maybe like a month probably or so later [L.S.] found out that [she] was pregnant with [N.S.]."

In early November 2020, defendant again forced himself onto L.S. after she declined to have sex with him. Defendant overpowered L.S., pushed her onto the bed, and inserted his fingers and penis inside her vagina. During a recorded interview that took place soon thereafter (which interview was played for the jury), defendant admitted to the police that he had sex with L.S. against her will sometime around November of the prior year.

b.      *Domestic Violence Against L.S.*

L.S. also testified about various incidents of domestic violence. In one incident occurring in November 2018, defendant punched L.S. in the mouth and stomach. During another argument in early 2020, defendant kicked L.S.'s back, causing her to "fl[y] forward and almost hit" a metal pole. L.S. estimated that that defendant had engaged in eight or nine separate acts of domestic violence against her.

In his November 2020 recorded interview, defendant admitted he "might have" punched L.S. in the face several days earlier.

c.      *Sexual Abuse of L.S.'s Daughter, D.S.*

D.S. testified that she was 11 years old in March 2020. Sometime that month, she was watching television in the living room of L.S.'s apartment when defendant came into the living room, pushed D.S. onto a bed that was on the floor, and rubbed his "private area" against her "private area."[2] D.S.

---

[2]      D.S. defined "private area" as the area from which a person urinates.

3

recalled three separate incidents occurring between March and November 2020. In the first incident, defendant touched D.S.'s breasts and inserted his fingers into her vagina. The second time, defendant inserted his fingers and penis inside D.S.'s vagina while she was babysitting her younger sister. In the third incident, defendant held D.S's head as he placed his penis into her mouth. D.S. estimated that defendant had digitally penetrated her vagina over 10 different times.

Around November 3, 2020, D.S. informed L.S. and her father about defendant's sexual abuse. Several days later, defendant was arrested. During the recorded police interview, defendant denied sexually abusing D.S. in any regard.

2. *Defense Evidence*

Defendant testified on his own behalf and denied committing any sex offense against D.S. or L.S. Twin sisters who lived with defendant for nine years while he was dating their mother (not L.S.) testified that defendant had never molested them.

## PROCEDURAL BACKGROUND

By information, defendant was charged with one count of continuous sexual abuse of D.S., a child under the age of 14 years (§ 288.5, subd. (a), count 1); two counts of forcibly raping L.S. (§ 261, subd. (a)(2), counts 2-3); and one count of injuring a spouse, cohabitant, fiancée, girlfriend, or child's parent (§ 273.5, subd. (a), count 4). As to count 1, the information also alleged that defendant committed sex crimes against multiple victims, one of whom was under 14 years old. (§ 667.61, subds. (e)(4), (j)(2).) Following trial,

4

a jury found defendant guilty as charged and found the special allegations under section 667.61 to be true.[3]

The prosecution filed a probation officer's report setting forth one prior sustained juvenile delinquency petition and several prior convictions.[4] The probation officer reported six aggravating sentencing factors and no mitigating factors and recommended the court sentence defendant to the high base term.

In its sentencing memorandum, the prosecution explained that the court was required to impose a mandatory 25-year-to-life sentence on count 1 under the One Strike law (§ 667.61).[5] On counts 2 and 3, the prosecution

---

[3] The jury also found defendant not guilty of lewd and lascivious acts upon a child (§ 288, subd. (a), count 5), added as an alternative charge to count 1; the jury was instructed that it had to find the defendant not guilty on this count if the jury found him guilty on count 1.

[4] According to the probation officer's report, defendant suffered a sustained juvenile petition in 2005 for vandalism (§ 594, subd. (a)(1)); a 2007 conviction for possession of marijuana and hash for sale (former Health & Saf. Code, §§ 11359, 11360, subd. (a)); a 2010 violation of parole and conviction for felon in possession of a firearm (former §§ 3056, 12021, subd. (a)(1)); a 2012 conviction for obstructing a public officer (§ 148, subd. (a)(1)); and a 2014 conviction for transporting narcotics for sale (Health & Saf. Code, § 11352, subd. (a)).

[5] Section 667.61, subdivision (j)(2) provides: "A person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age, shall be punished by imprisonment in the state prison for 25 years to life." Section 667.61, subdivision (e)(4) lists as a qualifying circumstance the fact that "[t]he defendant has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim." Among the enumerated offenses listed in section 667.61, subdivision (c) are continuous sexual abuse of a minor (§ 288.5) and forcible rape (§ 261,

argued that the court was required to run each sentence consecutively pursuant to section 667.61, subdivision (i), as each count of forcible rape occurred on a separate occasion. The prosecution then identified three aggravating factors supporting upper term sentencing on both counts of forcible rape: (1) the crimes involved great violence (Cal. Rules of Court, rule 4.421(a)(1));[6] (2) defendant engaged in violent conduct that indicates a serious danger to society (rule 4.421(b)(1)); and (3) defendant's prior convictions were numerous or of increasing seriousness (rule 4.421(b)(2)). The prosecution requested the court impose a total sentence of 42 years to life.

During the July 15, 2021 sentencing hearing, defense counsel acknowledged the mandatory 25-year-to-life sentence on count 1. As to counts 2 through 4, defense counsel noted defendant qualified for mid-term sentencing, but proposed that if the court were to impose the maximum sentence on those counts, it make the sentences concurrent, or in the alternative impose consecutive low-term sentences.

The court stated it had read and considered the probation officer's report and the prosecution's sentencing memorandum. It then stated: "The court can find no mitigating factors other than the fact the defendant does not have a serious or violent criminal record. [¶] The facts of this case are purely egregious. They involve great violence as these are all serious, violent offenses. [¶] In addition, there are multiple victims which the jury found true. [¶] Thirdly, one of the victims was a child, and the betrayal of trust in

---

subd. (a)(2)). (See *In re Vaquera* (2019) 39 Cal.App.5th 233, 235, review granted Nov. 26, 2019, S258376.)

[6] Subsequent references to rules are to the California Rules of Court.

this case is particularly disturbing to this court listening to the testimony. [¶] The defendant was involved with the mother and sexually abuses the child. Physically abused the mother and forced her to submit to sexual acts against her will. [¶] Had this been one single occurrence and a loss of judgment or attributable to alcohol or drugs on one bad day, it would be one thing. But this is systematic periodic abuse over a longer period of time."

On count 1, the court sentenced defendant to 25 years to life. On counts 2 and 3, the court imposed two consecutive eight-year sentences (the upper term). On count 4, the court stated it would have chosen the high term, but was required by law to impose one-third the middle term (one year), which was also to run consecutively. The total sentence imposed was 42 years to life. Defendant timely appealed.

## DISCUSSION

1. *Remand for Resentencing Pursuant to Senate Bill No. 567*

Defendant contends that the recent enactment of Senate Bill No. 567 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (S.B. 567) requires a remand for resentencing on counts 2 and 3, the forcible rape convictions involving victim L.S., pursuant to current section 1170, subdivision (b), as amended. We agree.

Prior to January 2022, section 1170 provided that the choice between a sentencing triad "shall rest within the sound discretion of the court," with the court to determine which term "best serves the interests of justice." (Former § 1170, subd. (b).) When choosing a term, the sentencing court could rely on the record, the probation officer's report, other reports, statements in aggravation or mitigation, and any further evidence introduced at the sentencing hearing. (*Ibid.*) The sentencing court was also to consider the

aggravating and mitigating circumstances set forth in the California Rules of Court. (See rules 4.403, 4.409, 4.420, 4.421, 4.423.)

Effective January 1, 2022, S.B. 567 amended section 1170 in several respects. As amended, current section 1170 requires a sentencing court to order imposition of a sentence not to exceed the middle term unless "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subds. (b)(1), (b)(2).) However, "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (*Id.*, subd. (b)(3).)

The parties agree, as do we, that the amendments to section 1170 wrought by S.B. 567 retroactively apply to the upper-term sentences imposed on both counts of forcible rape. Defendant contends that because the aggravating circumstances cited by the trial court when sentencing him to the upper term on these counts were not based on facts that were stipulated to by defendant or found true beyond a reasonable doubt by the jury, we must remand the case for resentencing. The Attorney General does not dispute that the trial court relied on aggravating circumstances that were not stipulated to or found true by the jury, but asserts that remand is not required as any error under the current law is harmless.

The standard for harmless error under current section 1170 is subject to disagreement among our sister courts. Under one standard, the error is harmless if the reviewing court determines beyond a reasonable doubt that the jury, applying the beyond-a-reasonable-doubt standard, would have found

8

true at least one aggravating circumstance. (*People v. Flores* (2022) 75 Cal.App.5th 495, 500–501 (*Flores*); see also *People v. Salazar* (2022) 80 Cal.App.5th 453, 465, review granted Oct. 12, 2022, S275788.)

Under another standard, the reviewing court considers first whether the jury would have found true beyond a reasonable doubt *"every factor on which the court relied"* beyond a reasonable doubt. (*People v. Lopez* (2022) 78 Cal.App.5th 459, 466 (*Lopez*), review den. July 20, 2022; see *People v. Ross* (2022) __ Cal.App.5th __ [2022 WL 17974351, *1, *7, fn. 8] (*Ross*).)[7] If so, the error is harmless; if not, the court considers whether it is reasonably probable that the trial court would nevertheless have exercised its discretion to select the upper term "based on a single permissible aggravating factor or on some constellation of permissible aggravating factors," rather than all of the factors on which it previously relied. (*Lopez*, at p. 468; *see id*. at p. 467, fn. 11.) If the answer to that question is yes, the error is harmless; if the answer is no, then the error is not harmless, and remand for resentencing is required. (*Ibid.*; accord, *People v. Wandrey* (2022) 80 Cal.App.5th 962, 982 & fn. 34, review granted Sept. 28, 2022, S275942.)

Several courts have framed the harmless error analysis "somewhat differently." (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1113 (*Zabelle*); see *People v. Dunn* (2022) 81 Cal.App.5th 394, 408–409 (*Dunn*), review

---

[7] While not expressly disapproving its prior decision in *Flores*, "[u]pon reflection" the same court that issued the *Flores* decision recently adopted the alternative approach taken in *Lopez*. (See *Ross, supra*, __ Cal.App.5th __ [2022 WL 17974351 at p. *7 & fn. 8 ["we concur in the *Lopez* analysis, which asks at the first step whether a reviewing court can conclude beyond a reasonable doubt that a jury would have found true beyond a reasonable doubt *all* of the aggravating factors the trial court relied on, not simply at least one aggravating factor"].)

granted Oct. 12, 2022, S275655.) Those courts have applied the standard for a Sixth Amendment violation described in *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*), to determine if a jury, applying the beyond-a-reasonable-doubt standard, would have found true at least one single aggravating circumstance. (*Zabelle*, at pp. 1113, 1114; *Dunn*, at p. 409.) Then, using a different standard of prejudice for state law error only (*People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*)), the court determines whether it is reasonably probable for each remaining aggravating fact that the jury would have found the fact not true. (*Zabelle*, at p. 1112; *Dunn*, at p. 409.) "[W]ith the aggravating facts that survive this review, [the reviewing court must] consider whether it is reasonably probable that the trial court would have chosen a lesser sentence had it considered only these aggravating facts." (*Zabelle*, at p. 1112; but see *Dunn*, at p. 410 [if all aggravating circumstances would have been proven to their respective standards under *Chapman* and *Watson*, any error is harmless; if not, the court must determine under *Watson* if the court would have imposed a sentence other than the upper term based on the aggravating circumstances proven on review].)

We need not take a side in this dispute, as we conclude that the circumstances present in this case fail to establish harmless error even under the "single aggravating circumstance" test adopted in *Flores*.

When imposing sentence collectively on all the counts, the court generally stated that (1) the facts of the case were "purely egregious"; (2) the facts involved "great violence as these are all serious, violent offenses"; (3) the jury found true that defendant committed crimes against multiple victims; (4) one of the victims was a child; (5) "the betrayal of trust in this case [was] particularly disturbing"; and (6) "this [was] systematic periodic abuse over a longer period of time."

10

The Attorney General first contends that because defendant did not present any evidence to dispute these findings, the jury "unquestionably would have [found them] true beyond a reasonable doubt." We disagree.

To begin with, the Attorney General's argument assumes that despite the amendments to section 1170, subdivision (b), defendant's litigation strategy would remain the same today as it did several years ago. Our Supreme Court has cautioned against "necessarily assum[ing] that the record reflects all of the evidence that would have been presented had aggravating circumstances been submitted to the jury." (*People v. Sandoval* (2007) 41 Cal.4th 825, 839 (*Sandoval*).) Under the amended version of section 1170, subdivision (b), defendant's "strategy might have been different had the aggravating circumstances been tried under a beyond-a-reasonable-doubt standard of proof to a trier of fact." (*Id.* at p. 840; see *Lopez, supra*, 78 Cal.App.5th at p. 466 ["Because the prior version of the determinate sentencing law . . . did not require the prosecution to present evidence directly related to the aggravating factors at trial, the evidence in the record does not permit us to assess whether a jury would have found these factors true beyond a reasonable doubt. Further, [defendant] would have had no reason to present evidence that might have contradicted evidence supporting [the] truth of the facts underlying the aggravating factors relied on by the trial court"].)

Turning to the aggravating factors identified above, we cannot conclude that the jury would have found any of those that were permissible factors to be true beyond a reasonable doubt.

We begin with the trial court's reference to the fact that the case involved multiple victims. The jury found true beyond a reasonable doubt the allegation that the "crimes [charged in counts 1, 2, 3, and 5] were committed

11

against more than one victim in this case." That jury finding was used as a basis for imposing a sentence of 25 years to life on count 1 pursuant to the One Strike law (§ 667.61, subds. (c), (e)(4), (j)(2)).

"Multiple victims" is not currently listed among the aggravating circumstances under rule 4.421, which lists factors that may be considered in part in determining whether to impose the upper term for a particular count. (See rules 4.420, 4.421.) In a prior amendment to what is now rule 4.421, the advisory committee comment "noted, 'Former subdivision (a)(4), concerning multiple victims, was deleted to avoid confusion; cases in which that possible circumstance in aggravation was relied on were frequently reversed on appeal because there was only a single victim in a particular count.'" (*People v. Calhoun* (2007) 40 Cal.4th 398, 405–406 (*Calhoun*).) However, "[n]either section 1170 nor the California Rules of Court attempt to provide an inclusive list of aggravating circumstances. Thus, a trial court is free to base an upper term sentence upon any aggravating circumstance that (1) the court deems significant and (2) is reasonably related to the decision being made." (*People v. Moberly* (2009) 176 Cal.App.4th 1191, 1196; see rule 4.421(c) [besides the enumerated circumstances in aggravation, a court may rely on "[a]ny other factors statutorily declared to be circumstances in aggravation or that reasonably relate to the defendant or the circumstances under which the crime was committed"]; see also rule 4.408(a).) "[A]lthough multiple victims is no longer expressly enumerated as a circumstance in aggravation in the California Rules of Court, the existence of multiple victims continues to be a valid aggravating circumstance that would support the imposition of the upper term." (*People v. Crabtree* (2009) 169 Cal.App.4th 1293, 1326, fn. omitted; accord *People v. Valenzuela* (1995) 40 Cal.App.4th 358, 365 (*Valenzuela*).)

However, reliance on the multiple-victim aggravating circumstance as to counts 2 and 3 was not appropriate under the particular facts of this case. The sentences imposed on these counts were for two separate criminal acts of forcibly raping L.S., but they did not involve multiple victims. Courts generally have held that a multiple-victim aggravating circumstance does not apply if there is only one victim charged for each criminal count. (See e.g., *People v. Lawson* (1980) 107 Cal.App.3d 748, 758 [holding "the [robbery] . . . did not involve multiple victims. It involved one victim. The court may not find that the crime at issue, singular not plural, involved multiple victims . . . by adding victim(s) from independent crimes"].) An exception to this general rule applies where "'multiple crimes [against different victims] are so closely connected in time and place as to comprise a single criminal transaction'" (*Valenzuela, supra,* 40 Cal.App.4th at p. 363), or where "a single act" caused injury to multiple people, even if each of the victims was listed in a separate count (see *Calhoun, supra,* 40 Cal.4th at pp. 405–408). It cannot be said that the sexual abuse against D.S. was transactionally related to either of the two rape offenses against L.S. Accordingly, the "multiple victims" aggravating factor could not lawfully be relied upon to justify imposing the upper terms on counts 2 and 3.

Similarly, the fact that "one of the victims was a child" could not appropriately be an aggravating factor to impose upper-term sentences on the two rape counts involving L.S., an adult. As to the sentence on these counts, it is irrelevant that the jury found true the allegation that D.S. was under age 14.

With respect to the remaining factors relied upon by the trial court, we are not persuaded that the jury would have found them true beyond a reasonable doubt. The court made subjective determinations that the facts

13

were "purely egregious" and involved "great violence," and that defendant betrayed trust in a "particularly disturbing" manner and engaged in "systematic periodic abuse." In other words, these factors were "not subject to clear standards, and often entail[ed] a subjective assessment of the circumstances rather than a straightforward finding of facts." (*Sandoval, supra*, 41 Cal.4th at p. 840.) "[T]o the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." (*Ibid.*) We find this concern applicable to the circumstances present here.[8]

Thus, because we cannot say beyond a reasonable doubt that the jury would have made the same findings as the trial court to support the upper-term sentences imposed on counts 2 and 3, we conclude that the error is not harmless. We vacate the sentences imposed on counts 2 and 3 and remand the matter for resentencing consistent with current section 1170, subdivision (b).

---

[8] For instance, the court's statement that the facts of the case involved "great violence as these are all serious, violent offenses," suggests that the court made no finding as to whether defendant inflicted violence on L.S. *beyond* the quantum of force required to commit each count of forcible rape. (See rule 4.420(h) [courts may not use "[a] fact that is an element of the crime" to impose a particular term]; § 261, subd. (a)(2) [forcible rape defined as sexual intercourse "accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another"].)

14

2.    *Senate Bill No. 81*

Defendant contends that because we must remand the matter for resentencing for compliance with S.B. 567, the trial court must exercise its newly authorized discretion pursuant to section 1385, as amended by Senate Bill No. 81 (2020-2021 Reg. Sess.) (Stats. 2021, ch. 721, § 1) (S.B. 81), to strike the 25-year-to-life sentence imposed on count 1 (§ 288.5, subd. (a) [continuous abuse of a child]).  We disagree.

S.B. 81 amended section 1385 "to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674 (*Sek*); accord, Stats. 2021, ch. 721, § 1.)  As amended, section 1385, subdivision (c)(1), now provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."  This requirement "appl[ies] to sentencings occurring after the effective date of" S.B. 81 (Jan. 1, 2022). (Stats. 2021, ch. 721, § 1, enacting § 1385, subd. (c)(7); see *Sek*, at p. 674.)

Defendant was sentenced to 25 years to life on count 1 pursuant to the One Strike law, section 667.61, "an alternative sentencing scheme that applies to specified felony sex offenses." (*People v. Reyes* (2016) 246 Cal.App.4th 62, 79 (*Reyes*).)  "'The purpose of the One Strike law is "to ensure serious and dangerous sex offenders would receive lengthy prison sentences upon their first conviction," "where the nature or method of the sex offense 'place[d] the victim in a position of elevated vulnerability.'"'" (*Ibid.*, italics omitted.)  "A defendant is . . . subject to the One Strike law's sentencing provisions if they commit one of nine listed sexual offenses [including] continuous sexual abuse of a child, in violation of section 288.5." (*People v.*

15

*Betts* (2020) 55 Cal.App.5th 294, 299–300; see § 667.61, subd. (c)(9).) "[T]he law mandates the harshest penalties" for defendants convicted of this offense "if the victim was under 14 years of age" (*Betts,* at p. 300), a fact which the jury found to be true as to count 1. Further, under subdivision (j)(2) of section 667.61, a defendant convicted of this crime "under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age, shall be punished by imprisonment in the state prison for 25 years to life." Accordingly, as defense counsel conceded at defendant's sentencing, the One Strike law mandated the 25-year-to-life sentence for count 1.

The electorate and Legislature have specifically exempted such sentences pursuant to the One Strike law from the reach of section 1385. As enacted by the voters in 2006 in Proposition 83,[9] section 667.61, subdivision (g) provides: "Notwithstanding Section 1385 . . . , the court shall not strike any allegation, admission, or finding of any of the circumstances specified in subdivision (d) or (e) [of § 667.61] for any person who is subject to punishment under this section." (Prop. 83, § 12, approved Nov. 7, 2006; see *Reyes, supra*, 246 Cal.App.4th at pp. 80–82 [holding that court lacked discretion under former § 1385 to strike One Strike sentence of life without possibility of parole imposed pursuant to § 667.61, subd. (l)]; see also *People v. Hammer* (2003) 30 Cal.4th 756, 761 ["The law expressly divests trial courts of authority to avoid these severe sentences [under the One Strike law]: it

---

[9] "At the November 7, 2006 General Election, the voters approved Proposition 83, an initiative measure. (See Deering's Ann. Welf. & Inst. Code (2007 supp.) appen. foll. § 6604, p. 43.) Proposition 83 was known as 'The Sexual Predator Punishment and Control Act: Jessica's Law.' (Voter Information Guide, Gen. Elec. (Nov. 7, 2006) text of Prop. 83, p. 127.)" (*Bourquez v. Superior Court* (2007) 156 Cal.App.4th 1275, 1281.)

provides that courts are barred from exercising their traditional discretion to 'strike' any of the triggering circumstances specified in the One Strike law"]; see generally *In re Greg F.* (2012) 55 Cal.4th 393, 406 ["When the Legislature intends for a statute to prevail over all contrary law, it typically signals this intent by using phrases like 'notwithstanding any other law' or 'notwithstanding other provisions of law'"].)

S.B. 81 does not bestow trial courts with new authority to strike One Strike law sentences. Rather, S.B. 81 explicitly reinforces that courts may not dismiss an enhancement pursuant to section 1385 "if dismissal of that enhancement is prohibited by any initiative statute" (§ 1385, subd. (c)(1)), such as Proposition 83. Indeed, in discussing S.B. 81, the Senate Committee on Public Safety stated it was aware that "enhancements that may not be dismissed by the court due to express language provided by the initiative include those enacted by Proposition 83, pertaining to sex offenses, . . . passed in 2006." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 81 (2021-2022 Reg. Sess.), p. 6.)

The trial court thus lacks authority under current section 1385 to strike the sentence imposed for count 1 pursuant to the One Strike law. Thus, on remand, the mandatory 25-year-to-life sentence shall remain undisturbed.

//

//

//

//

//

//

17

## DISPOSITION

Defendant's sentences on counts 2 and 3 are vacated, and the matter is remanded for resentencing on those counts in accordance with section 1170, as amended by S.B. 567. In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STONE, J.*

We concur:


COLLINS, Acting P. J.


CURREY, J.

---

*Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.